**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 10 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**HEATHER TYLER**, *individually*
*and on Behalf Of All Persons Similarly Situated*,                      **PLAINTIFF**

v.                          Case No. CV 2007- **4 07 · CV 0 0 0 0 0 0 1 9**     JLH

**ALLTEL CORPORATION and ALLTEL**
**COMMUNICATIONS, INC.**                                                **DEFENDANTS**

This case assigned to District Judge _____
and to Magistrate Judge _____

---

## CLASS ACTION COMPLAINT

---

Plaintiff Heather Tyler, individually and on behalf of all others similarly situated, upon both personal knowledge and information and belief, and based upon, among other things, the investigation made by her attorneys, which included, among other things, a review of customer records and billing statements and public statements and information disseminated by Defendants (collectively referred to in this Complaint as "ALLTEL"), hereby alleges as follows:

## I.

## NATURE OF THE CLAIMS

1.     Set out in this Complaint are two separate class action claims made against ALLTEL.   Both class action claims allege unjust enrichment, unfair and deceptive business practices in violation of the Arkansas Deceptive Trade Practices Act, and unfair and deceptive business practices in violation of other class jurisdictions' consumer protection statutes on the part of ALLTEL.

2.     The first class action claim is brought by Plaintiff Heather Tyler (hereafter

"Plaintiff Tyler") and seeks to remedy ALLTEL's violations of the aforementioned applicable law; more specifically, for charging and collecting from its wireless telephone customers an "early termination fee," – commonly referred to by ALLTEL as a "early disconnection penalty" – a fee and/or penalty that is designed to penalize and hold its customers hostage, is assessed without a justifiable basis, is assessed without adequate disclosure of all its applicable material terms and conditions, and is excessive for any actual damage experienced by ALLTEL when a customer cancels their service. Accordingly, Plaintiff Tyler and the Class Members seek redress for injuries caused by ALLTEL's use of unfair and deceptive business practices in imposing upon its customers an "early termination fee" and/or "early disconnection penalty." Plaintiff Tyler and the Class Members also seek disgorgement of any related unjust enrichment ALLTEL has received at the hands of its customers. This class action claim is not based upon ALLTEL's rates or other components of its service that are regulated by the FTC. Instead, this class action claim is based on ALLTEL's engaging in unconscionable and deceptive business practices which have directly and proximately caused Plaintiff Tyler and the Class Members to suffer damages as described herein.

3.     The second class action claim is brought by Plaintiff Tyler and seeks to remedy ALLTEL's violations of the aforementioned applicable law; more specifically, for charging and collecting from its customers service charges and fees associated with its "Mr. Rescue Roadside Assistance" (hereafter "Mr. Rescue") service feature – a service feature ALLTEL has added to its customers' service plans without the customers' knowledge, express informed consent, and/or adequate disclosure of all of the feature's applicable material terms and conditions. Accordingly, Plaintiff Tyler and the Class Members seek redress for injuries caused by ALLTEL's use of unfair and deceptive business practices in imposing upon its customers its Mr.

2

Rescue Roadside Assistance service feature.  Plaintiff Tyler also seeks disgorgement of any related unjust enrichment ALLTEL has received at the hands of its customers.  This class action claim is not based upon ALLTEL's rates or other components of its service that are regulated by the FTC.  Instead, this class action claim is based on ALLTEL's engaging in unconscionable and deceptive business practices which have directly and proximately caused Plaintiff Tyler and the Class Members to suffer damages as described herein.

## II.

### PARTIES

4.      Plaintiff Heather Tyler is a resident of Little Rock, Pulaski County, Arkansas. She was incorrectly and wrongfully charged for what ALLTEL has referred to as both an "early termination fee" and as an "early disconnection penalty" of which she paid.  Also, ALLTEL added its Mr. Rescue Roadside Assistance service feature to Plaintiff Tyler's service plan without her knowledge or express informed consent and without the adequate disclosure of all material terms and conditions associated with the service feature.  She was subsequently billed significant amounts for the service feature of which she paid.

5.      Defendants Alltel Corporation and Alltel Communications, Inc. (collectively "ALLTEL") have their principal place of business and headquarters in Little Rock, Arkansas. ALLTEL markets and sells wireless telephone and communications services around the entire United States and to the residents of this county.

## III.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). These are class action claims involving more than 100 class members.  A member of each class

3

is a citizen of a state different from Defendant, and the amounts of controversy, in the aggregate, exceed the sum of $5,000,000.00 exclusive of interest and costs.

7.      Venue is proper under 28 U.S.C. § 1391 because the Alltel Defendants are headquartered in this District, market and sell products and services to citizens here, and have availed themselves to the laws and protection of the State of Arkansas. Additionally, Plaintiff is a resident of Pulaski County, and most of the wrongdoing alleged herein occurred within this District.

## IV.

## FACTUAL ALLEGATIONS

### A. ALLTEL'S "EARLY TERMINATION FEE" OR "EARLY DISCONNECTION PENALTY"

8.      In providing wireless telephone services, ALLTEL requires its customers to abide by a wireless customer service agreement (hereafter "Service Agreement"). The terms and conditions of the Service Agreements allegedly become binding upon activation or reactivation of the customer's phone and/or new service plan.

9.      ALLTEL distributes the terms and conditions of its Service Agreements on preprinted standardized forms that are not subject to modification or negotiation. ALLTEL also distributes the terms and conditions of its Service Agreements on its website through read-only screens that cannot be modified by users. The terms and conditions are, however, admittedly subject to continuous alterations and "updates" by ALLTEL so that customers may visit the website for the most "current" version of their Service Agreement's terms and conditions.

10.     ALLTEL presents the terms and conditions of its Service Agreements on a "take it or leave it" basis. Therefore, these Service Agreements are contracts of adhesion.

4

11.    Each of ALLTEL's allegedly valid Service Agreements includes, as a term and condition of service, a purported liquidated damages clause that requires subscribers to pay early disconnection penalties if they seek, for any reason, to terminate service before the expiration of their Service Agreements.

12.    The specified penalty for customers terminating service before the expiration of a "fixed" specific term is typically $200.00 for each line of service, as demonstrated from the following clause in ALLTEL's "Terms and Conditions," as found on their website January 3, 2007 and hereto attached as **Exhibit A:**

**Termination By You**

(a) Fixed Term. If you subscribe to a Service for a fixed term and you terminate that Service before the expiration of the fixed term then you will be required to pay us an early cancellation fee as specified on your Service Order. **If there is no early cancellation fee specified on your Service Order, then you will be required to pay $200 per line for any early cancellation.** In addition, you remain liable for payment of all outstanding charges for all Services you used and Equipment you purchased from us prior to termination.
(b) Month-to-Month Term. You may terminate a Service to which you subscribe on a month-to-month basis at any time by notifying us. You remain liable for payment of all outstanding charges for all Services you used and Equipment you purchased from us prior to termination.
(c) Change in Location. A change in your service address or the location to which any Service is provided to you may constitute, at our sole discretion, termination of the Services or an increase in the prices you must pay for the Services.
(d) Number Portability. A request by you to port your number will be deemed a request by you to terminate your Agreement. [Emphasis Added.]

13.    Accordingly, ALLTEL systematically imposes on their customers an "early termination fee," – or what they have also referred to as an "early disconnection penalty" – if ALLTEL, in its own sole discretion, deems the customer in question to have allegedly violated the terms of his/her allegedly valid Service Agreement by cancelling his/her service prematurely.

5

14.     The early disconnection penalty does not vary during the term of the contract. ALLTEL imposes the same $200.00 early disconnection penalty upon its customers whether the customer in question has cancelled their service fifteen days after activation or a day before the completion of their allegedly valid Service Agreement.

15.     The customer must pay the early disconnection penalty even if cancellation is the result of non-existent, poor, or otherwise inadequate service provided by ALLTEL.

16.     At $200.00 per instance, ALLTEL's early disconnection penalty is among the highest in the wireless industry.

17.     At $200.00 per instance, the early disconnection penalty vastly exceeds the measure of any just compensation or alleged actual damages which may result when a customer terminates service with ALLTEL.  The penalty is not a reasonable measure of the anticipated or actual loss that the termination causes ALLTEL.

18.     Apparently, the actual purpose of the early disconnection penalty is to recoup equipment costs – an admission recently made by the international association that represents the wireless communications industry, the Cellular Telecommunications and Internet Association (CTIA) – of which ALLTEL is a member.   In a filing to the United States Federal Communications Commission ("FCC"), the CTIA stated: "The longer assured commitment under these term contracts enables the carriers *to reduce handset prices* at the inception of the term and to reduce monthly service charges, based on the expectation that initial and ongoing costs can be recouped gradually over time."[1]

19.     ALLTEL therefore disguises the fee/penalty to recover equipment costs as a

---

[1] "Petition of the Cellular Telecommunications and Internet Association for an Expedited Discovery Ruling." page 15, March 15, 2005, FCC, WT-05-194.

liquidated damages clause, which is an illegal penalty when the damages are readily calculable. The disconnection penalty is not actually designed to compensate ALLTEL for any damages arising from the termination, but has the effect and purpose of locking in the subscribers of ALLTEL and discouraging them from switching to competing services, effectively holding them hostage.

20.     More importantly, ALLTEL has not had, and does not have, a legitimate basis upon which to impose upon its customers a $200.00 early disconnection penalty.  By example, ALLTEL has, in numerous instances, imposed this penalty upon its customers without adequately disclosing all applicable terms and conditions relating to the penalty when marketing its wireless products and services, has imposed the penalty upon its customers despite its failure to produce any contract or document evidencing that the customer in question has a binding obligation to pay the penalty, has imposed the penalty upon its customers despite clear proof that the customer has actually fulfilled all obligations under their allegedly valid Service Agreement, and has imposed the penalty upon its customers despite its own admission that it cannot provide adequate service consistent with the terms and conditions of its allegedly valid Service Agreements.

21.     In 2003, Plaintiff Tyler purchased a wireless telephone and wireless service plan from ALLTEL at a branch office in Little Rock.  According to ALLTEL, Plaintiff Tyler agreed to a two-year service agreement upon the activation of her wireless phone.  Based upon good faith knowledge and belief, Plaintiff Tyler never signed any contract or otherwise agreed to pay an "early termination fee" or "early disconnection penalty" to the Defendants.  Prior to being charged the early disconnection penalty, she was not aware that such a penalty existed.

22.     On or about March 10, 2006, Plaintiff Tyler cancelled her cellular service with ALLTEL in order to start service with a new provider.

23.     Plaintiff Tyler terminated the service with ALLTEL because of dissatisfaction with ALLTEL's provided service and because she could secure a better rate plan from an ALLTEL competitor.

24.     Upon cancellation of her services, ALLTEL imposed an early disconnection penalty of $200.00 upon Plaintiff Tyler's account. **Exhibit B**.

25.     Plaintiff Tyler protested the imposition of the penalty directly to ALLTEL and eventually through various other channels including the Arkansas Better Business Bureau and the Arkansas Attorney General's Office.

26.     Plaintiff Tyler's first contact with ALLTEL occurred over the telephone. Based on a review of her account information, an ALLTEL customer representative told Plaintiff Tyler that she should not have been assessed a penalty because she had not done anything to warrant its imposition.  The representative assured Plaintiff Tyler that the matter would be resolved without her having to pay the penalty, however, Plaintiff Tyler continued to receive bills demanding payment of the early disconnection penalty.

27.     Plaintiff Tyler continued in her refusal to pay the penalty and sought further information from ALLTEL regarding its "early disconnection penalty."

28.     More specifically, Plaintiff Tyler requested a copy of any and all contracts between herself and ALLTEL which would justify the imposition of the penalty. **Exhibit C**.

29.     In correspondence dated May 22, 2006, ALLTEL outlined their refusal to provide the Plaintiff with a copy of any alleged contract which would justify the imposition of an "early disconnection penalty."  ALLTEL asserted that they are not required to maintain signed, original

8

contracts or point of sale receipts.  ALLTEL further asserted that Plaintiff Tyler was liable for the penalty despite the fact ALLTEL could not produce any proof that 1) Plaintiff Tyler had signed a contract or otherwise agreed to pay an early disconnection penalty to the Defendants, 2) that the Service Agreement between Alltel and Plaintiff Tyler was for a "fixed term" plan and was to last for a period of two years, or 3) that Plaintiff Tyler had not adhered to and completed the terms and conditions of her Service Agreement.  **Exhibit D.**

30.     ALLTEL's refusal to provide Plaintiff Tyler with any proof of contract or other applicable agreement was not surprising.  ALLTEL typically refuses to provide customers with copies of their contracts when the customer requests those documents after the point of sale.

31.     Throughout Plaintiff Tyler's further correspondence with ALLTEL, ALLTEL changed its position justifying the imposition of an early disconnection penalty upon her account at least twice.  In the correspondence dated May 22, 2006, ALLTEL first asserted that Plaintiff Tyler had "upgraded" service by receiving equipment at a discounted price in or around May, 2005.  ALLTEL stated that, in "upgrading," Plaintiff Tyler triggered a new 24-month binding contract.  Thus, Plaintiff Tyler could not cancel her service without being liable for the early termination penalty until two years from the date of receiving the equipment at a discounted price – in or around May, 2007.  *See* **Exhibit D**.

32.     However, these allegations were found to be undeniably incorrect.  Plaintiff Tyler did not purchase new equipment in or around May, 2005.  She purchased new equipment on or about September 7, 2004.  More importantly, Plaintiff Tyler did not receive equipment at a discounted price.  Instead she paid *full* price for the equipment and did not change her service plan.  Thus, she did not receive any discounts or "upgraded" phone services.  These facts were acknowledged by ALLTEL in correspondence dated June 14, 2006.  **Exhibit E.**

9

33.     In the June 14, 2006, correspondence, ALLTEL changed its position and asserted that Plaintiff Tyler's service plan with ALLTEL now originated on September 7, 2004 (the day she purchased new equipment at full price), and was set to expire on September 7, 2006. ALLTEL stated that because Plaintiff Tyler had cancelled her service on March 10, 2006, supposedly 6 months prior to the new expiration date, she remained liable for the early disconnection penalty.   ALLTEL put forth this assertion despite their admission that Plaintiff Tyler had not "upgraded" her service and had, indeed, paid full price for the new equipment – an admission that completely undermines this new position.  The only evidence ALLTEL has offered in support of its new position is a sales receipt dated September 7, 2004, with Plaintiff Tyler's name on it. **Exhibit F.**  Again, ALLTEL has failed to provide a contract or any other document providing a description of what was actually bought or agreed to on this new date.

34.     ALLTEL's switching of positions also evidences the careless and negligent manner in which it keeps customer records and the careless and negligent manner in which it administers their "early termination fee" and/or "early disconnection penalty."

35.     After imposing the early disconnection penalty, ALLTEL added additional fees including a "late payment fee" to Plaintiff Tyler's account despite Plaintiff Tyler having advised ALLTEL that she protested the fee and did not intend to pay it. **Exhibit G.**

36.     ALLTEL continued to dun Plaintiff Tyler for payment of the early disconnection penalty, plus the additional fees for late fees and taxes, despite the ongoing involvement of the Better Business Bureau of Arkansas and the Arkansas Attorney General's office in the matter.

37.     ALLTEL went so far as to threaten the involvement of an outside collection agency and any and all further legal action that may be required to collect the penalty. *See* **Exhibit G.**

10

38.    In or around late October of 2006, Plaintiff Tyler paid the balance of all charges associated with the early disconnection penalty under protest.  Plaintiff did so fearing that ALLTEL would take legal action against her and would report adverse information against her credit.

39.    As of the date of the filing of this Complaint, ALLTEL has failed to produce any contract or document – save a receipt and bills it has sent to Plaintiff Tyler – to demonstrate that the Plaintiff agreed to pay an early disconnection penalty or which firmly justifies ALLTEL's imposition of the penalty.

40.    ALLTEL was not damaged and did not suffer any actual damages when Plaintiff Tyler terminated her wireless phone service.

41.    ALLTEL continues to impose early disconnection penalties on its customers' accounts, charges related late fees and taxes, reports such events to credit bureaus, and even takes legal action against their customers to collect any related unpaid balances.

42.    ALLTEL's early disconnection penalty discourages competition in the wireless industry because consumers cannot freely shop around for the best wireless service as Plaintiff Tyler attempted to do.

43.    The early disconnection penalty is not a rate charged by ALLTEL.  It is not part of ALLTEL's rate structure, nor is it a rate component charged for any "service."  It is part of the "Terms and Conditions" and can only be characterized as an illegal penalty provision.

44.    The early disconnection penalty imposed by ALLTEL is also an illegal and void liquidated damages provision.  It constitutes an unjust, unconscionable, unlawful, unfair and deceptive practice under all applicable statutes.

45.    ALLTEL continues to impose the early disconnection penalty without a

11

justifiable basis, without adequately disclosing all applicable terms and conditions relating to the penalty when marketing its wireless products and services, in an careless and negligent manner, and in spite of the fact that imposition of the penalty is excessive for any actual damage experienced by ALLTEL when a customer cancels their service.

46.     As a result, ALLTEL has been extremely successful in wrongfully collecting millions of dollars in early disconnection proceeds through utilizing these deceptive, unfair, and unconscionable business practices.

## B. ALLTEL'S MR. RESCUE ROADSIDE ASSISTANCE SERVICE FEATURE

### 1. ALLTEL's Business Practices including Auto-enrollment

47.     Beginning in September of 2001, ALLTEL began marketing and selling various wireless telephone data and service features in conjunction with the sale of its wireless telephones and service plans.

48.     One service feature promoted and sold by ALLTEL to customers purchasing its telephones and service plans is the "Mr. Rescue Roadside Assistance" (hereafter referred to as "Mr. Rescue") service feature.

49.     The Mr. Rescue service feature, at a cost of $3.00 per month, is a roadside assistance feature whereby call-up roadside assistance services are allegedly provided to ALLTEL customers through another company named Asurion Corporation.

50.     Beginning in or about June 2002 and continuing through about April 2005, ALLTEL programmed its computers to automatically enroll every customer who purchased and activated, or reactivated, a wireless telephone or service plan in the Mr. Rescue program. Each activated or reactivated customer automatically received the roadside assistance feature as part of their activation and did not have to proactively select the roadside assistance feature.

12

51.    Upon being enrolled in the Mr. Rescue Program, the customer received a 60-day free trial of the Mr. Rescue service feature.

52.    At the end of the free trial period, the Mr. Rescue service feature was added to the customer's service plan by default unless a sales representative removed it at the customer's request.

53.    ALLTEL instituted the auto enrollment system to significantly enhance enrollment in, and revenue from, its Mr. Rescue Roadside Assistance program.

54.    The number of customers who were enrolled in the Mr. Rescue Roadside Assistance program increased radically after the auto enrollment system was instituted. However, following ALLTEL's abandonment of auto enrollment, the number of customers enrolled in Mr. Rescue fell dramatically.

55.    In automatically enrolling its customers, ALLTEL imposed the Mr. Rescue service feature upon its customers without their knowledge, express informed consent, and/or without adequately disclosing the material terms and conditions associated with enrollment.

56.    Logically, a large number of customers who were automatically enrolled in the Mr. Rescue program did not subsequently request that the service feature be removed because the customers were automatically enrolled in the program without their knowledge, express informed consent, and/or without the adequate disclosure of the material terms and conditions associated with the Mr. Rescue program.

57.    The Mr. Rescue service feature, at $3.00 per month, is a considerably small monetary amount enabling it to be stealthily applied to a customers billing statement without making the customer aware of the charge, especially if the customer has no prior knowledge of the charge.

13

### 2. ALLTEL'S Deceptive and Misleading Sales Pitch

58.     ALLTEL relied upon its sales representatives to orally inform customers at the point of sale concerning ALLTEL's automatic enrollment of the customer in the Mr. Rescue program and concerning all of the material terms and conditions associated with the service feature.

59.     In numerous instances, ALLTEL representatives failed to adequately disclose to customers at the point of sale all of the material terms and conditions associated with the Mr. Rescue program and service feature, including but not limited to, one or more of the following:

a.     That upon new activation or reactivation of an ALLTEL telephone and/or service plan, the customer would be automatically enrolled in Mr. Rescue program without any proactive selection by the customer.

b.     That the customer would be charged $3.00 per month after the free trial period ends unless the customer takes affirmative steps to cancel Mr. Rescue.

c.     The cancellation rights of the customer and the procedure to cancel Mr. Rescue.

d.     That the customer may be assessed charges for a portion of the 60-day free trial period.

e.     That under Mr. Rescue, customers are limited to six service calls per year.

f.     That under Mr. Rescue, customers are limited to maximum benefits not to exceed $50 per service call.

g.     That service under Mr. Rescue covers towing and mechanical problems only, not towing for accidents, misuse and other damage or winching.

14

60.     In numerous instances, ALLTEL representatives failed to disclose to customers at the point of sale *any* information concerning their automatic enrollment in the Mr. Rescue Roadside Assistance program or the material terms and conditions associated with having the feature.

61.     In many instances, ALLTEL representatives represented, expressly or by implication, that customers will receive a free 60-day trial period in the Mr. Rescue program beginning upon the purchase, activation, or reactivation of a wireless phone or service plan, when in fact, customers were billed for charges during the free trial period.

62.     In some instances, where ALLTEL informed customers of the Mr. Rescue feature though failing to adequately disclose all the material terms and conditions, the consumer flatly refused ALLTEL's offer of enrollment in Mr. Rescue but was still assessed and charged for the Mr. Rescue service feature.

63.     As a result of these business practices, customers who were automatically enrolled have been, or are currently being, wrongfully billed significant amounts for the service feature even though it was added to their service plan without their knowledge, express informed consent, and/or the adequate disclosure of all related material terms and conditions.

64.     Recently, the Florida Attorney General has brought action against ALLTEL on behalf of over a half-million of the state's citizens for injuries caused by ALLTEL's use of unfair and deceptive business practices surrounding its marketing, selling, and billing for its Mr. Rescue Roadside Assistance service feature.

65.     At sometime in 2003 or 2004, Plaintiff Tyler was automatically enrolled in ALLTEL's Mr. Rescue Roadside Assistance program without her knowledge or express informed consent and without the adequate disclosure of all material terms and conditions

15

relating to the program or the service feature. She was subsequently billed significant amounts for the service feature of which she paid. **Exhibit H.**

**V.**

**CLASS ACTION ALLEGATIONS**

66.     Plaintiff Tyler brings these class action claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23 are met with respect to the Classes defined below.

**A. ALLTEL'S "EARLY TERMINATION FEE" OR "EARLY DISCONNECT PENALTY"**

67.     Plaintiff Tyler brings her claims on her own behalf, and on behalf of the following Class:

> All ALLTEL wireless and/or communication services customers who subscribed to and activated an ALLTEL service plan, and who have been charged for and paid fees associated with ALLTEL's "early termination fee" and/or "early disconnection penalty" within the last five years immediately preceding the date of the filing of this action. Excluded from this Class is any person, firm, trust, corporation or other entity related to or affiliated with ALLTEL and any person included in the class defined in the case of <u>Peter Rosenow v. Alltel, et al.</u>, Saline County Circuit Court, Third Division, Case No. CIV. 2006-182 (other Arkansas residents who have been charged fees associated with ALLTEL's "early termination fee" or "early disconnect penalties.")

Plaintiff Tyler reserves the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or the result of discovery.

68.     This class action is properly brought as a class action for the following reasons. The Class is so numerous that joinder of the individual members of the proposed Class is impracticable. The Class, upon information and belief, includes thousands of members

16

geographically dispersed throughout the United States. The precise number and identities of Class Members is unknown to Plaintiff but is known to ALLTEL and can be easily ascertained through discovery, namely using Defendants' customer lists and other information kept by ALLTEL. Plaintiff Tyler does not anticipate any difficulties in the management of this action as a class action. The Class is ascertainable and there is a well-defined community of interests in the questions of law and/or fact alleged since the rights of each Class Member were infringed or violated in similar fashion based upon ALLTEL's misconduct. Notice can be provided through records and publication, the cost of which is properly imposed upon the Defendants.

69.    Questions of law or fact common to the Class exist as to Plaintiff Tyler and all Class Members, and these common questions predominate over any questions affecting only individual members of the Class. Among the common questions of law and/or fact are the following:

a.    Whether Defendants' marketing literature and/or other media materials or communications, including sales pitches and point of sale dialogue, used by Defendants to market, distribute and sell their wireless services to Plaintiff and the Class Members concealed and suppressed material facts associated with the imposition of their "early termination fee" and/or "early disconnection penalty."

b.    Whether Defendants have a legitimate basis upon which to impose their "early termination fee" and/or "early disconnection penalty" upon their customers.

c.    Whether Defendants' "early termination fee" and/or "early disconnection penalty" should be collected from any customer.

d.    Whether the "early termination fee" and/or "early disconnection penalty" should be collected from customers who cancel services because of the Defendants' failure to perform.

d.    Whether the "early termination fee" and/or "early disconnection penalty" constitutes improper liquidated damages.

17

e.      Whether the "early termination fee" and/or "early disconnection penalty" is reasonable in light of any actual or anticipated loss to the Defendants.

f.      Whether the "early termination fee" and/or "early disconnection penalty" should be imposed against customers without proof of an existing contract between Defendants and their customers.

g.      Whether the "early termination fee" and/or "early disconnection penalty" is supported by consideration.

h.      Whether the "early termination fee" and/or "early disconnection penalty" is reasonable.

i.      Whether the "early termination fee" and/or "early disconnection penalty" is unreasonably large.

j.      Whether the "early termination fee" and/or "early disconnection penalty" is justified by Defendants' difficulties of proof of loss and the inconvenience or nonfeasability of otherwise obtaining a remedy.

k.      Whether Defendants can impose an early termination fee as a new term when their customers "upgrade," change the terms of their contracts, or purchase new equipment even though the customers do not sign any contract agreeing to or is otherwise informed of this new term.

l.      Whether Defendants' imposition of the "early termination fee" and/or "early disconnection penalty" is considered unconscionable.

m.      Whether Defendants' conduct was a proximate or producing cause of Plaintiff and the Class Members' damages as a matter of law.

n.      Whether Defendants gained unjust enrichment through imposing upon their customers their "early termination fee" and/or "early disconnection penalty."

o.      Whether Defendants violated the consumer protection laws of the state of Arkansas and the other class jurisdictions through imposing upon their customers their "early termination fee" and/or "early disconnection penalty."

70.     Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff Tyler and the Class Members.  Individual questions, if any,

18

pale by comparison to the numerous common questions that predominate.

71.     The injuries sustained by Plaintiff and the Class Members flow, in each instance, from a common nucleus of operative facts – the Defendants' misconduct. In every related case, ALLTEL wrongfully charged and collected from its wireless telephone customers an "early termination fee" and/or "early disconnection penalty" – a fee/penalty that is designed to penalize and hold its customers hostage, is assessed without a justifiable basis, is assessed without adequate disclosure of all its applicable terms and conditions, and is excessive for any actual damage experienced by ALLTEL when a customer cancels their service.

72.     Plaintiff Tyler's claims are typical of the claims of the Class Members. As particularly described herein, ALLTEL wrongfully charged and collected from Plaintiff Tyler an "early termination fee" and/or "early disconnection penalty" plus related charges. Therefore, Plaintiff's claims are typical of the Class. Moreover, the defenses, if any, that will be asserted against Plaintiff's claims are typical of the defenses that will be asserted, if any, against the Class Members' claims.

73.     Plaintiff Tyler will fairly and adequately protect the interests of the Class Members. Plaintiff Tyler has no interests adverse to the interests of the Class Members and has retained counsel with significant experience in the prosecution of class actions and complex litigation, including consumer litigation, and who will vigorously prosecute this action.

74.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and individual joinder of all members of the Class is impracticable, if not impossible because the Class Members are scattered throughout the United States.  Moreover, the cost to the court system of such individualized litigation would be substantial.  Individualized litigation would likewise present the potential for inconsistent or

contradictory judgements and would result in significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court, protects the rights of each Class Member and maximizes recovery to them.

75. Plaintiff Tyler knows of no difficulties that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

76. Defendants have acted or have refused to act on grounds generally applicable to the Class thereby making it appropriate to grant final declaratory and injunctive relief with respect to the Class as a whole. A declaration that ALLTEL's use of unfair and deceptive business practices relating to its imposition of "early termination fees" and/or "early disconnection penalties," as described herein, is wrongful and prohibited is an appropriate form of relief. An injunction prohibiting Defendants from continuing to charge the Class Members for "early termination fees" and/or "early disconnection penalties" because of ALLTEL's use of unfair and deceptive business practices in imposing upon its customers such a fee/penalty is also an appropriate form of relief.

**B. ALLTEL'S MR. RESCUE ROADSIDE ASSISTANCE SERVICE FEATURE**

77. Plaintiff Tyler brings her claim on her own behalf, and on behalf of the following Class:

> All ALLTEL wireless and/or communication services customers who subscribed to and activated an ALLTEL service plan, resulting in their being automatically enrolled in ALLTEL's Mr. Rescue Roadside Assistance program without their knowledge, express informed consent, and/or the adequate disclosure of all material terms and conditions relating to the program, and who were subsequently billed and paid for the service feature despite their lack of knowledge, informed consent, and/or the lack of adequate disclosure. Excluded from this Class is any person, firm,

20

trust, corporation or other entity related to or affiliated with ALLTEL and ALLTEL customers who reside in the state of Florida.

Plaintiff Tyler reserves the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or the result of discovery.

78.     This class action is properly brought as a class action for the following reasons. The Class is so numerous that joinder of the individual members of the proposed Class is impracticable.   The Class, upon information and belief, includes thousands of members geographically dispersed throughout the United States.  The precise number and identities of Class Members is unknown to Plaintiff but is known to ALLTEL and can be easily ascertained through discovery, namely using Defendants' customer lists and other information kept by ALLTEL. Plaintiff Tyler does not anticipate any difficulties in the management of this action as a class action.  The Class is ascertainable and there is a well-defined community of interests in the questions of law and/or fact alleged since the rights of each Class Member were infringed or violated in similar fashion based upon ALLTEL's misconduct.  Notice can be provided through records and publication, the cost of which is properly imposed upon the Defendants.

79.     Questions of law or fact common to the Class exist as to Plaintiff Tyler and all Class Members, and these common questions predominate over any questions affecting only individual  members of the Class.  Among the common questions of law and/or fact are the following:

a.     Whether Defendants' marketing literature and/or other media materials or communications, including sales pitches and point of sale dialogue, used by Defendants to market, distribute and sell their Mr. Rescue Roadside Assistance service feature to Plaintiff and the Class Members misrepresented and omitted material facts.

b.     Whether Defendants' marketing literature and/or other media

21

materials or communications, including sales pitches and point of sale dialogue, used by Defendants to market, distribute and sell their Mr. Rescue Roadside Assistance service feature to Plaintiff and the Class Members concealed and suppressed material facts associated with enrollment in the Mr. Rescue Roadside Assistance program.

c.     Whether Defendants used deception, fraud, and/or false pretenses in marketing, selling, and/or billing for their Mr. Rescue Roadside Assistance service feature.

d.     Whether Defendants' conduct in automatically enrolling Plaintiff and Class Members without their knowledge, express informed consent, and/or adequate disclosure of all related material terms and conditions and subsequently billing for the service is considered unconscionable.

e.     Whether Defendants' conduct was a proximate or producing cause of Plaintiff's and the Class Members' damages as a matter of law.

f.     Whether Defendants engaged in conveying common and standardized misrepresentations and omissions to Plaintiff and the Class Members concerning enrollment in the Mr. Rescue Roadside Assistance program's free trial period.

g.     Whether Plaintiff and the Class Members are entitled to damages, and, if so, the proper amount of such damages.

h.     Whether Defendants gained unjust enrichment through their actions relating to their Mr. Rescue service feature.

i.     Whether Defendants violated the consumer protection laws of the state of Arkansas and the other class jurisdictions through their actions relating to their Mr. Rescue service feature.

j.     Whether injunctive relief is appropriate, and, if so, the proper measure of such relief.

80.     Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff Tyler and the Class Members.  Individual questions, if any, pale by comparison to the numerous common questions that predominate.

81.     The injuries sustained by Plaintiff Tyler and the Class Members flow, in each instance, from a common nucleus of operative facts  –  the Defendants' misconduct.  In every

22

case, through its marketing, sale, and billing practices associated with the Mr. Rescue service feature, ALLTEL unfairly and deceptively misled its customers by automatically enrolling them in the Mr. Rescue Roadside Assistance program without their knowledge or express informed consent, by failing to adequately disclose to customers at the point of sale all of the material terms and conditions associated with the Mr. Rescue Roadside Assistance program, and by subsequently charging and billing these customers hidden and stealth charges associated with the service feature.

82.    Plaintiff Tyler's claims are typical of the claims of the Class Members. The Defendants' uniform, material misrepresentations and omissions and use of unfair and deceptive business practices in the marketing, sale, and billing of their Mr. Rescue Roadside Assistance service feature apply to Plaintiff and the Class Members. Moreover, the defenses, if any, that will be asserted against Plaintiff's claims are typical of the defenses that will be asserted, if any, against the Class Members' claims.

83.    Plaintiff Tyler will fairly and adequately protect the interests of the Class Members. Plaintiff Tyler has no interests adverse to the interests of the Class Members and has retained counsel with significant experience in the prosecution of class actions and complex litigation, including consumer litigation, and who will vigorously prosecute this action.

84.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, and individual joinder of all members of the Class is impracticable, if not impossible because the Class Members are scattered throughout the United States. Moreover, the cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgements and would result in significant delay and expense to all parties and

23

multiple courts hearing virtually identical lawsuits.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court, protects the rights of each Class Member and maximizes recovery to them.

85.    Plaintiff Tyler knows of no difficulties that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

86.    Defendants have acted or have refused to act on grounds generally applicable to the Class thereby making it appropriate to grant final declaratory and injunctive relief with respect to the Class as a whole.  A declaration that ALLTEL's use of the unfair and deceptive business practices in the marketing, sale, and billing of its Mr. Rescue Roadside Assistance service feature, as described herein, is wrongful and prohibited is an appropriate form of relief. An injunction prohibiting ALLTEL from continuing to charge the Class Members for Mr. Rescue service because of its use of unfair and deceptive business practices in the marketing, sale, and billing of its Mr. Rescue service feature is also an appropriate form of relief.

## VI.

## CAUSES OF ACTION

**COUNT I:** *VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT-ALLTEL'S "EARLY TERMINATION FEE" OR "EARLY DISCONNECTION PENALTY"*

87.    Plaintiff Tyler incorporates by reference all of the foregoing paragraphs as if set forth herein.

88.    The Arkansas Deceptive Trade Practices Act ("DTPA"), Arkansas Code Annotated ("A.C.A.") § 4-88-101, *et seq.*, is designed to protect consumers from deceptive, unfair, and unconscionable trade practices.  The DTPA is a remedial statute which is to be liberally construed in favor of consumers.

24

89.     Specifically, as described herein, ALLTEL's wrongful actions relating to its "early termination fee" and/or "early disconnection penalty" violate A.C.A. §§ 4-88-107 and 4-88-108.

90.     The Defendants' exaction of an "early termination fee" and/or "early disconnection penalty" is unfair, deceptive and unconscionable under the aforementioned code sections for one or more of the following reasons:

a.      The Defendants have no basis for charging an "early termination fee" and/or "early disconnection penalty" in any instance;

b.      The Defendants charge an "early termination fee" and/or "early disconnection penalty" even to customers who do not have any contractual obligation to pay an early termination fee;

c.      The Defendants charge an "early termination fee" and/or "early disconnection penalty" even in instances where a customer cancels service because ALLTEL has failed to perform by providing appropriate coverage or service;

d.      The "early termination fee" and/or "early disconnection penalty" is at it is described by ALLTEL, an illegal "penalty;"

e.      The "early termination fee" and/or "early disconnection penalty" is not reasonably related to any actual expenses or damages incurred by the Defendants;

f.      There is no legitimate basis for imposing the "early termination fee" and/or "early disconnection penalty;"

g.      The "early termination fee" and/or "early disconnection penalty" is imposed beyond the term of the alleged cancellation period;

h.      The "early termination fee" and/or "early disconnection penalty" is merely an effort by ALLTEL to exact additional amounts of profits from its customers;

i.      The "early termination fee" and/or "early disconnection penalty" is imposed to discourage consumers from canceling or transferring their service in instances where the consumers could get better rates from the Defendants' competitors;

25

j.  The "early termination fee" and/or "early disconnection penalty" is imposed to discourage the Defendants' customers from canceling or transferring service in instances where the customers are dissatisfied with the Defendants' rates or service;

k.  The "early termination fee" and/or "early disconnection penalty" is imposed in a deceptive manner through boilerplate language on the reverse side of billing statements and on the Defendants' website;

l.  The "early termination fee" and/or "early disconnection penalty" is not supported by any consideration on the part of the Defendants' customers;

m.  The "early termination fee" and/or "early disconnection penalty" is imposed unfairly;

n.  The "early termination fee" and/or "early disconnection penalty" is not conspicuously and clearly disclosed to all customers;

o.  The "early termination fee" and/or "early disconnection penalty" is not a valid liquidated damages provision because it is not reasonably related to any actual or anticipated losses sustained by the Defendants;

p.  The "early termination fee" and/or "early disconnection penalty" is misleading because its actual purpose is to exact additional revenue from customers instead of to compensate the Defendants for any actual losses allegedly incurred by a customer's cancellation of service;

q.  The "early termination fee" and/or "early disconnection penalty" has no reasonable basis in light of any alleged inconvenience or nonfeasibility of the Defendants in otherwise obtaining a remedy against customers;

r.  The "early termination fee" and/or "early disconnection penalty" is used to increase the alleged balance owed by customers through the addition of other charges such as "late payment fees" and taxes on the amount of the fee;

s.  The "early termination fee" and/or "early disconnection penalty" is unreasonable;

t.  The "early termination fee" and/or "early disconnection penalty" is unconscionable;

u.  The "early termination fee" and/or "early disconnection penalty" obligation is unjustly imposed on existing customers whenever they "upgrade" their services or purchase new equipment even though the

26

customers do not execute a new contract (or any contract) with the Defendants;

v.    The "early termination fee" and/or "early disconnection penalty" is actually a disincentive for the Defendants to provide adequate customer service or to promptly respond to customers' concerns because the Defendants can simply collect the early termination fee as a windfall if customer decides to cancel or transfer his service to another cellular provider;

w.   The Defendants impose an "early termination fee" and/or "early disconnection penalty" even when the Defendants are responsible for failure of performance; and

x.    The "early termination fee" and/or "early disconnection penalty" defeats the benefits of the customer's portability of his or her cell phone number to another wireless service provider.

91.    The Defendants also routinely refuse to provide their customers with copies of their contracts or any other documents justifying the imposition of an "early termination fee" and/or "early disconnection penalty." This practice is also deceptive and unfair to consumers.

92.    ALLTEL's unfair and deceptive trade practices, amounting to violations of the aforementioned code sections, proximately caused damage to Plaintiff Tyler and the Class Members.

93.    Plaintiff Tyler and this Class are entitled to judgment against the Defendants for their actual damages, attorneys' fees and costs of litigation.

**COUNT II.** *VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT-ALLTEL'S MR. RESCUE ROADSIDE ASSISTANCE SERVICE FEATURE*

94.    Plaintiff Tyler incorporates by reference all of the foregoing paragraphs as if set forth herein.

95.    As set forth in herein, ALLTEL has engaged in acts, practices, representations and omissions relating to its Mr. Rescue service feature which are material and which are false, deceptive, and/or likely to mislead customers acting reasonably under the circumstances.

27

96.     ALLTEL's acts or practices of causing charges to be submitted for its Mr. Rescue service feature through the use of deceptive and unfair business practices offends established public policy and is unethical, oppressive, unscrupulous or substantially injurious to consumers.

97.     As described herein, ALLTEL's wrongful actions relating its Mr. Rescue Roadside Assistance service feature violate A.C.A. §§ 4-88-107 and 4-88-108.

98.     Specifically, Defendants have acted in violation of A.C.A. § 4-88-107(a)(10). Defendants have engaged in unconscionable, false, and/or deceptive acts in their commercial and business practices.  Through its marketing, sale, and billing practices associated with the Mr. Rescue service feature, ALLTEL unfairly and deceptively misled its eventual customers by automatically enrolling them in the Mr. Rescue Roadside Assistance program without their knowledge and/or express informed consent, by failing to adequately disclose to customers at the point of sale all of the material terms and conditions associated with the Mr. Rescue Roadside Assistance program and service feature, and by subsequently charging and billing these customers hidden and stealth charges associated with the service feature.

99.     In light of ALLTEL's misrepresentations and ALLTEL's failure to disclose, or clearly and conspicuously disclose, all material information related to the Mr. Rescue Roadside Assistance program, ALLTEL has also acted in violation of A.C.A. § 4-88-108.  ALLTEL has used deception, fraud and/or false pretenses to sell its Mr. Rescue Roadside Assistance service feature, and Defendants concealed, suppressed and omitted material facts surrounding the Mr. Rescue Roadside Assistance program with the intent that others rely upon the concealment, suppression, and omission.

100.     ALLTEL's unfair and deceptive trade practices, amounting to violations of the aforementioned code sections, proximately caused damage to Plaintiffs and the Class Members.

101.   Accordingly, the Plaintiffs and this Class are entitled to judgment against the Defendants for their actual damages, attorneys' fees and costs of litigation.

**COUNT III.** *VIOLATION OF THE CLASS JURISDICTIONS' CONSUMER-PROTECTION STATUTES - ALLTEL'S "EARLY TERMINATION FEE" OR "EARLY DISCONNECT PENALTY"*

102.   Plaintiff Tyler incorporates by reference all of the foregoing paragraphs as if set forth herein.

103.   Based upon information and belief, ALLTEL provides consumer, cellular-phone coverage, and Class Members accordingly reside, in the Class Jurisdictions; namely, Alabama, Arizona, Arkansas, Colorado, Florida, Georgia, Kansas, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Nebraska, New Mexico, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, West Virginia, and Wisconsin.

104.   ALLTEL's wrongful actions regarding its assessments of "early termination" and/or "early disconnection penalties," as described herein, violated the Class Jurisdictions' consumer-protection statutes, in particular:

Alabama:  Code of Ala. § 8-19-1 *et seq.*

Arizona:  A.R.S. § 44-1521 *et seq.*

Arkansas:  A.C.A. § 4-88-107 *et seq.* and 108 *et seq.*

Colorado:  C.R.S. § 6-2-101 *et seq.*

Florida: Fla. Stat. § 501.201 *et seq.*

Georgia:  O.C.G.A. Title 10, Ch. 1, Art. 15, Pt. 4, *et seq.*

Kansas:  K.S.A. § 50-623 *et seq.*

Kentucky:  KRS § 367.110 *et seq.*

Louisiana:  La. R.S. 51:1401 *et seq.*

29

Mississippi:  Miss. Code Ann. § 75-24-1 *et seq.*

Missouri:  § 407.010 R.S.Mo. *et seq.*

Nebraska:  R.R.S. Neb. § 87-301 *et seq.*

New Mexico:  N.M. Stat. Ann. § 57-12-1 *et seq.*

New York:  NY CLS Gen Bus § 349  *et seq.*

North Carolina:  N.C. Gen. Stat. § 75-1 *et seq.*

Ohio:  ORC Ann. § 1345.01 *et seq.* and § 4165.01 *et seq.*

Oklahoma:  15 Okla. St. § 751 *et seq.*

Pennsylvania:  73 P.S. § 201-1 *et seq.*

South Carolina:  S.C. Code Ann. § 39-5-10 *et seq.*

Tennessee:  Tenn. Code Ann. § 47-18-101 *et seq.*

Texas:  Tex. Bus. & Com. Code § 17.41 *et seq.*

Virginia:  Va. Code Ann. § 59.1-196  *et seq.*

West Virginia:  W. Va. Code § 46A-6-101 *et seq.*

Wisconsin:  Wis. Stat. § 421.101 *et seq.*

105.    Based on the detailed reasons as set forth above, ALLTEL also violated the aforementioned Class Jurisdictions' consumer-protection statutes through its deceptive and unfair business practices associated with its "early termination fee" and/or "early disconnection penalty."

106.    ALLTEL's unfair and deceptive trade practices, resulting in violations of the Class Jurisdictions' aforementioned consumer-protection statutes, proximately caused damage to Plaintiff Tyler and the Class Members.

107.    Accordingly, Plaintiff Tyler and this Class are entitled to judgment against the Defendants for their actual damages, attorneys' fees and costs of litigation.

**COUNT IV.** *VIOLATION OF THE CLASS JURISDICTIONS' CONSUMER-PROTECTION STATUTES - ALLTEL'S MR. RESCUE ROADSIDE ASSISTANCE SERVICE FEATURE*

108.    Plaintiff Tyler incorporates by reference all of the foregoing paragraphs as if set forth herein.

109.    Based upon information and belief, ALLTEL provides consumer, cellular-phone coverage, and Class Members accordingly reside, in the Class Jurisdictions outlined in Paragraph 103.

110.    ALLTEL's wrongful actions regarding its assessment of charges and fees associated with its Mr. Rescue program and service feature violated the Class Jurisdictions' consumer-protection statutes, in particular, those statutes outlined in Paragraph 104.[2]

111.    Based on the detailed reasons as set forth above, ALLTEL also violated the aforementioned Class Jurisdictions' consumer-protection statutes through its deceptive and unfair business practices associated with its Mr. Rescue Roadside Assistance service feature.

112.    ALLTEL's unfair and deceptive trade practices, resulting in violations of the Class Jurisdictions' aforementioned consumer-protection statutes, proximately caused damage to the Plaintiff Tyler and the Class Members.

113.    Accordingly, Plaintiff Tyler and this Class are entitled to judgment against the Defendants for their actual damages, attorneys' fees and costs of litigation.

---

[2] Based on the foregoing reasons, Plaintiff Tyler does not allege violations of the Florida consumer protection statute.

**COUNT V.** *UNJUST ENRICHMENT-*
*ALLTEL'S "EARLY TERMINATION FEE" OR "EARLY DISCONNECT PENALTY"*

114.    Plaintiff Tyler incorporates by reference all of the foregoing paragraphs as if set forth herein.

115.    ALLTEL's "early termination fee" and/or "early disconnection penalty" is a fee and/or penalty that is designed to penalize and hold its customers hostage, is assessed without a justifiable basis, is assessed without adequate disclosure of all its applicable terms and conditions, and is excessive for any actual damage experienced by ALLTEL when a customer cancels their service.

116.    The "early termination fee" and/or "early disconnection penalty" does not reflect any actual expenses or loss incurred by the Defendants when a customer decides to cancel their wireless service.

117.    The "early termination fee" and/or "early disconnection penalty" is not a valid liquidated damages provision because it bears no reasonable relationship to the anticipated or actual loss incurred by ALLTEL when a customer decides to cancel their wireless service.

118.    The "early termination fee" and/or "early disconnection penalty" is unreasonable because it is not based on any nonconvenience or nonfeasability for otherwise obtaining an adequate remedy by ALLTEL.

119.    The "early termination fee" and/or "early disconnection penalty" is void as an illegal penalty because ALLTEL describes it as just that, a "penalty."

120.    The "early termination fee" and/or "early disconnection penalty" is merely a device which allows the Defendants to exact additional revenue from its customers.

121.    The "early termination fee" and/or "early disconnection penalty" bears no relationship to any rate or service provided by the Defendants but is merely a penalty to the consumer which results in an unjustified profit for the Defendants.

122.    As described above, the exaction of an "early termination fee" and/or "early disconnection penalty" is unfair, deceptive, and unconscionable.

123.    As such, the Defendants' conduct of imposing and collecting "early termination fee" and/or "early disconnection penalty" from their customers constitutes unjust enrichment. The Defendants' conduct of collecting additional fees triggered by the imposition of early termination fees also constitutes unjust enrichment.

124.    The Defendants should disgorge any related unjust enrichment it has received at the hands of their customers.

125.    Plaintiff Tyler and the members of this class who have paid the early termination fee and any related charges are entitled to damages in the form of a refund of these amounts.

126.    Accordingly, Plaintiff Tyler and this Class are entitled to judgment against the Defendants for their actual damages, attorneys' fees and costs of litigation.

**COUNT VI.** *UNJUST ENRICHMENT-*
*ALLTEL'S MR. RESCUE ROADSIDE ASSISTANCE SERVICE FEATURE*

127.    Plaintiff Tyler incorporates by reference all of the foregoing paragraphs as if set forth herein.

128.    As previously established, through its marketing, sale, and billing practices associated with the Mr. Rescue service feature, ALLTEL unfairly and deceptively misled its eventual customers by automatically enrolling them in the Mr. Rescue Roadside Assistance program without their knowledge and/or express informed consent, by failing to adequately disclose to customers at the point of sale all of the material terms and conditions associated with

33

the Mr. Rescue Roadside Assistance program, and by subsequently charging and billing these customers hidden and stealth charges associated with the service feature.

129.    ALLTEL instituted the auto enrollment system to significantly enhance enrollment in, and revenue from, its Mr. Rescue Roadside Assistance program.

130.    These charges for the Mr. Rescue service feature are simply a mechanism for the Defendants to exact additional revenue from their customers.

131.    Not only are these charges stealthily added to customers accounts without their knowledge, consent, or adequate disclosure; the charges also increase the amount of taxes and other fees ultimately paid on the account.

132.    These improper charges constitute unjust enrichment and an unjustified profit for the Defendants.

133.    The Defendants have systematically and uniformly charged and collected this improper fee from the Plaintiffs and thousands of other customers.

134.    The Defendants should disgorge any related unjust enrichment it has received at the hands of its customers.

135.    Plaintiff Tyler and the members of this Class who have paid the Mr. Rescue service feature are entitled to damages in the form of a refund of these amounts.

136.    Accordingly, Plaintiff Tyler and this Class are entitled to judgment against the Defendants for their actual damages, attorneys' fees and costs of litigation.

## VII.

## **JURY TRIAL DEMANDED**

137.    Plaintiff Tyler and the Classes demand a jury of twelve.

34

# VIII.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Tyler, on behalf of herself and all others similarly situated, requests that she and the other applicable Class Members have judgement entered in their favor and against Defendants, as follows:

A.      An order certifying that the class action claim relating to the ALLTEL Defendants' "early termination fee" and/or "early disconnection penalty," involving Plaintiff Tyler's and the Class Members' separate and distinct claims, be maintained as a nationwide class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her undersigned counsel to represent the Class;

B.      An order certifying that the class action claim relating to the ALLTEL Defendants' Mr. Rescue Roadside Assistance service feature, involving both Plaintiffs' and the Class Members' separate and distinct claims, be maintained as a nationwide class action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her undersigned counsel to represent the Class;

C.      In each class action claim alleged herein, an award, for Plaintiff's and each Class Member's separate and distinct claims, of compensatory damages and pre- and post-judgement interest thereon;

D.      In each class action claim alleged herein, an award, for Plaintiff's and each Class Member's separate and distinct claims, of punitive or exemplary damages, including attorneys' fees, to be distributed on a pro-rata basis among Plaintiff and each Class Member.

E.      A declaration that Defendants' conduct complained of herein is prohibited by the Arkansas Deceptive Trade Practices Act and by the other class jurisdictions' consumer-protection statutes as applicable; and

F.      A temporary, preliminary and/or permanent order providing equitable and injunctive relief enjoining Defendants from charging Plaintiff and the Class Members an "early termination fee" and/or "disconnection penalty" and/or for the Mr. Rescue Roadside Assistance service feature.

G.      Grant such additional or different relief as the interests of justice, law, or equity may require.

**EMERSON POYNTER LLP**

*[signature]*

Scott E. Poynter

Scott E. Poynter, AR Bar No. 90077
Chris D. Jennings, AR Bar No. 2006306
500 President Clinton Ave.
Suite 305
Little Rock, AR 72201
Phone:  (501) 907-2555
Fax: (501) 907-2556

John G. Emerson, Jr., TX Bar No. 06602600
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854
Fax: (281) 488-8867

Todd Turner, AR Bar No. 92266
Dan Turner, AR Bar No. 97179
**ARNOLD, TURNER & TURNER, P.A.**
501 Crittenden Street
P.O. Box 480

Arkadelphia, AR 71923
Ph #    (870) 246-9844
Fax #   (870) 246-9845

And

Terry M. Poynter, AR Bar No. 65033
P.O. Box 370
Mountain Home, AR 72653
Phone: (870) 425-2196
Fax: (870) 425-2198

37

# Exhibit A

 www.alltel.com

## TERMS AND CONDITIONS FOR COMMUNICATIONS SERVICES

### Definitions
"You" and "your" mean the person or entity that subscribes to Communication Services or purchases or leases Equipment subject to this Agreement. This "Agreement" includes these Terms and Conditions and your Service Order. "We," "our," "us," and "Alltel" refer to Alltel Communications, Inc., its subsidiaries and affiliates, as well as any other person or entity doing business as Alltel and providing Communication Services or Equipment to you. "Communication Service(s)" or "Service(s)" refer to any services you have asked us to provide to you through this Agreement. "Equipment" means any communications equipment or accessories you purchase or lease from us or use in any manner in connection with your Services. "Service Order" means the form (whether paper or electronic) on which you apply for Services and includes certain additional Terms and Conditions for your Services. "Terms and Conditions" include the following provisions as maintained at www.Alltel.com and the provisions in your Service Order that set forth the manner in which we provide Equipment and Service to you, such as the length of time you will subscribe to a Service, rate plans, access charges, fees, taxes and surcharges, and the Equipment you have selected.

### Acceptance
You accept this Agreement when you do any of the following: (a) give us your written or electronic signature, (b) tell us orally or electronically that you accept, or (c) use or attempt to use any of the Equipment or Services. If you have never used the Services before and do not wish to be bound by these Terms and Conditions, do not begin using the Services or Equipment and notify us immediately.

### Term
    a. Fixed Term. You agree to subscribe to the Services for the length of time identified on the Service Order. The Services you receive after the end of the term will be provided on a month-to-month basis and remain at all times subject to the Terms and Conditions.
    b. Month-to-Month Term. If no length of time is identified on the Service Order, then the term is month-to-month.

### Termination By You
    a. Fixed Term. If you subscribe to a Service for a fixed term and you terminate that Service before the expiration of the fixed term then you will be required to pay us an early cancellation fee as specified on your Service Order. If there is no early cancellation fee specified on your Service Order, then you will be required to pay $200 per line for any early cancellation. In addition, you remain liable for payment of all outstanding charges for all Services you used and Equipment you purchased from us prior to termination.
    b. Month-to-Month Term. You may terminate a Service to which you subscribe on a month-to-month basis at any time by notifying us. You remain liable for payment of all outstanding charges for all Services you used and Equipment you purchased from us prior to termination.
    c. Change in Location. A change in your service address or the location to which any Service is provided to you may constitute, at our sole discretion, termination of the Services or an increase in the prices you must pay for the Services.
    d. Number Portability. A request by you to port your number will be deemed a request by you to terminate your Agreement.

May, 2005

 **alltel**
wireless

www.alltel.com

## Termination By Us

We may limit, interrupt, terminate or refuse to provide a Service for the following reasons, or for any other good cause: (a) if you do not honor any provision of these Terms and Conditions (including payment obligations),  (b) if you use a Service in a manner that adversely affects Service to other customers or harasses our customers, our employees, or others, (c) if you or others use a Service to engage in fraud or unlawful conduct or are suspected of doing so, (d) if you modify your wireless phone or any software residing thereon from the original manufacturer specifications, including for the purpose of accessing non-Alltel services, (e) if your Service is used in a manner that is excessive or unreasonable with respect to volume or length of calls when compared to the predominant volume or length of call of other customers on a similar rate plan or in your geographic area, or (f) if the majority of your Service is used roaming on a network not owned or operated by Alltel.  You may not resell any Service.  We may restore such interrupted or terminated Service, in our sole discretion, following your correction of the violation and payment of any amounts due, including any restoration charge we assess for restoring your Service.

## Payment Of Charges And Fees

a. In General.  You are responsible for paying all charges applicable to your Equipment and Service, including: access charges, airtime, features, text messaging, roaming, toll, long distance, and directory assistance.  In addition, you are responsible for paying any taxes, surcharges, fees, and assessments imposed by us or a governmental authority from time to time in connection with the Services or the Equipment.

b. Wireless Airtime Charges.  Airtime usage on each call is billed in full minute increments, with a minimum charge of one minute per call.  Partial minutes of use are rounded up to the next full minute.  Access charges are billed in advance and will not be deducted from your bill or refunded in the event of termination.  Unused plan minutes are not carried over to subsequent monthly billing cycles.  In some instances, information regarding airtime usage, including roaming or long distance charges, is not available to be included in the bill for the month that the Service is used, and will be billed to you in a subsequent bill.  The Service will be charged, and deducted from your plan minutes, in the month it is billed.  The length of a call will be measured from when you initiate it (typically, when you press the "Send" key) until you terminate it (typically, when you press the "End" key).  You may incur additional charges for roaming or long distance calls.  Rates and charges while roaming outside of your local Alltel service area may be different from your Alltel service area rates.  We reserve the right to select the carrier you will use while roaming.  Rates during peak hours may be higher than rates during off-peak hours.  Use of custom calling features (such as voicemail or three-way calling) will be billed like any other call.  To be eligible for Service, we may require you to reside in our Service area and to use most of your Service on a network owned or operated by Alltel.

c. Wireless Data Charges.  Wireless data services may be billed in full kilobyte increments.  Partial kilobyte increments of use may be rounded to the next full kilobyte.  Unused kilobytes may not be carried over to subsequent monthly billing cycles.  Access time may be measured from the time the port is seized to the time the port is released by your Equipment.

May, 2005



## Billing Information Provided By You

To determine whether certain taxes, fees and surcharges are applicable to Service provided to you, we are required by federal law to obtain your street address, which must be within our service area. You represent and warrant that the address you provide us to obtain Service is correct, and you acknowledge that we are relying on this information to determine which taxes, fees or surcharges are applicable to your Service. You agree to notify us if your address changes. In the event you do not provide us with a valid address or address change, you understand and agree that you may be responsible for additional taxes, fees or surcharges for your Service, and we may terminate your Service.

## Payments

We will bill you monthly for all charges associated with the Services, and we will invoice you for all charges associated with Equipment. Payment in full is due no later than the due date indicated on your bill. If you have authorized payment for Services or Equipment by credit card or by debiting a bank account, no additional notice or consent is required before we invoice the credit card or debit the bank account for all amounts due to us for any reason. We may accept late payments, partial payments or any payments marked as being "payment in full" or as being settlement of any dispute without losing any of our rights under this Agreement. You agree to pay costs and fees we incur to collect an unpaid balance from you.

## Credits And Deposits

You authorize us to ask credit-reporting agencies for credit information about you. We may, in our discretion, require you to submit a deposit as security for payment of charges. An additional deposit may be required if either the amount or number of Services is increased or your credit rating changes. Simple interest will be paid on the cash deposit for the period it is held by us and will be refunded if satisfactory credit has been established or upon termination of service. We reserve the right to apply the deposit to any amount due and unpaid. We may require a guarantee of payment by an individual or entity approved by us.

## Personal Identifiers

We assign telephone numbers, e-mail addresses and other personal identifiers in connection with the Services. Unless we provide you advance notice, you have no proprietary right to any such identifiers, and we reserve the right to change them upon notice to you. In the event that you become entitled to transfer a personal identifier to another party to obtain any Services we provide you, we reserve the right, prior to honoring the request for transfer, to charge a fee for the transfer and to collect any money owed by you for Services or Equipment.

## Services Provided By Third Parties

The Services will be provided either by us or by our third party vendors or contractors. We reserve the right to change or modify the source of any Services provided to you without notice.

May, 2005

 **lltel** wireless

www.alltel.com

## Unauthorized Use of Third Party Services
You agree that the mobile phone on which your Alltel Service is activated may not be used to access any third-party services equivalent to Services provided, or Services made available, by Alltel even if you declined to purchase such Services from Alltel.  Your mobile phone contains programming designed to enable access to Alltel Services only.  Using any manual or electronic means to circumvent any restrictions placed on your mobile phone or to modify without authorization any programming supplied on your phone is a violation of your Agreement.

## Privacy And Customer Proprietary Network Information
You authorize us to monitor and record communications to us regarding your account or the Services for purposes of quality assurance.  We will not give you notice of any subpoenas or court orders related to your account or use of Services unless required by law.  Information in our billing and customer care systems concerning your account and your use of Services belongs to us, and you have no expectation of privacy with respect to such information.  You agree that we may release information we have about you when required to do so by law, to provide to third parties solely for the purpose of assisting us in providing any Service to you, or if we reasonably believe that an emergency involving immediate harm to a person or property requires disclosure.  We may analyze your account and usage information and share this information with other Alltel entities to communicate with you regarding Equipment or Services that may become available to you.  If you do not want us to provide your information to other Alltel entities for this purpose, please notify us.

## Theft And Fraud
If your Service or Equipment is lost or stolen or fraudulently used, then you are responsible for all usage incurred before we receive notice from you of such loss or theft.  You agree to cooperate in the investigation of fraud or theft and to provide us with such information and documentation as we may request (including affidavits and police reports).

## LIMITATION OF LIABILITY
IN THE EVENT WE ARE FOUND TO BE RESPONSIBLE TO YOU FOR DAMAGES IN ANY WAY RELATING TO THE SERVICES OR EQUIPMENT, YOU AGREE THAT OUR LIABILITY TO YOU WILL NOT EXCEED YOUR PRO-RATED MONTHLY RECURRING CHARGE FOR SERVICES DURING THE PERIOD IN WHICH YOU INCUR SUCH DAMAGES.   WE ARE NOT LIABLE FOR *ANY* INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES (SUCH AS LOST PROFITS OR LOST BUSINESS OPPORTUNITIES), PUNITIVE OR EXEMPLARY DAMAGES, THE COST OF ALTERNATIVE SERVICES, OR ATTORNEYS' FEES.

## DISCLAIMER OF WARRANTIES
**WE MAKE NO REPRESENTATIONS OR WARRANTIES REGARDING THE SERVICES OR EQUIPMENT YOU RECEIVE FROM US, AND DISCLAIM ANY WARRANTIES OR REPRESENTATIONS, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**  WE ARE NOT RESPONSIBLE FOR CIRCUMSTANCES BEYOND OUR CONTROL, INCLUDING WITHOUT LIMITATION ACTS OR OMISSIONS OF OTHERS, ATMOSPHERIC CONDITIONS, OR ACTS OF GOD.  WE DO NOT PROMISE UNINTERRUPTED OR ERROR FREE SERVICE.  WE MAY NOT MANUFACTURE ANY EQUIPMENT OR SOFTWARE THAT YOU MAY USE IN CONNECTION WITH YOUR SERVICE, AND YOUR ONLY WARRANTIES AND REPRESENTATIONS WITH

May, 2005

 **lltel** wireless

www.alltel.com

RESPECT TO EQUIPMENT OR SOFTWARE ARE THOSE PROVIDED BY THE MANUFACTURER (WITH RESPECT TO WHICH WE HAVE NO LIABILITY WHATSOEVER).

**About These Terms and Conditions**

    a. Record Retention.  You acknowledge and agree that (i) Alltel will not maintain a paper copy of your Agreement, (ii) Alltel will maintain your rate plan and feature information electronically, and (iii) Alltel will maintain its copy of the Terms and Conditions at www.Alltel.com.  If you lose your copy of the Terms and Conditions, you may retrieve the then current electronic copy from www.Alltel.com at any time.

    b. Changes.  We may change these Terms and Conditions, including any change in any charge or fee, or the imposition of a new charge or fee, at any time if we give you notice in advance of the change.  If we make a change to these Terms and Conditions that is material and you do not wish to accept such material change, you may terminate your Agreement for the affected Service by giving us notice within thirty (30) days, in which case you will not be subject to an early cancellation fee.  You will, however, still be responsible for all charges for Services and Equipment made before you terminated your Agreement for that Service.  A material change is **ONLY** a change that (a) terminates or substantially reduces the availability of a Service for you or (b) results in the increase of any charge by more than ten percent (10%) of the monthly access charge for that Service.  Material changes in your Service **DO NOT** include the increase in, or imposition of: (1) any charge required to be collected by any governmental authority, or (2) any charge permitted to be collected by any governmental authority to recoup our expense for the provision of a service required by that governmental authority.

**Applicable Law**

Your Agreement and Alltel's provision of Services to you are subject to (a) the laws of the state identified in the billing address that you have provided us and (b) any applicable federal or state laws. In the event of an inconsistency between any governmental requirement and this Agreement regarding the provision of a Service that is subject to the governmental requirement, the provisions of the governmental requirement will apply to the extent necessary to avoid the inconsistency.

**Assignment**

We may assign this Agreement to another entity without any advance consent from or notice to you. You may not assign this Agreement without our consent.

**No Waiver; Severability**

If we do not enforce any right or remedy available under this Agreement, that failure is not a waiver. If any part of this Agreement is held invalid or unenforceable, the remainder of this Agreement will remain in force.

**Third Parties**

This Agreement is for the benefit of you and us only, and not any third party.

May, 2005



## ARBITRATION

ANY DISPUTE ARISING OUT OF THIS AGREEMENT OR RELATING TO THE SERVICES AND EQUIPMENT MUST BE SETTLED BY ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION, USING THE WIRELESS INDUSTRY ARBITRATION RULES. INFORMATION REGARDING THIS PROCEDURE MAY BE FOUND AT WWW.ADR.ORG. EACH PARTY WILL BEAR THE COST OF PREPARING AND PROSECUTING ITS CASE. WE WILL REIMBURSE YOU FOR ANY FILING OR HEARING FEES TO THE EXTENT THEY EXCEED WHAT YOUR COURT COSTS WOULD HAVE BEEN IF YOUR CLAIM HAD BEEN RESOLVED IN A STATE COURT HAVING JURISDICTION. THE ARBITRATOR HAS NO POWER OR AUTHORITY TO ALTER OR MODIFY THE AGREEMENT OR THESE TERMS AND CONDITIONS, INCLUDING THE FOREGOING LIMITATION OF LIABILITY SECTION. ALL CLAIMS MUST BE ARBITRATED INDIVIDUALLY, AND THERE WILL BE NO CONSOLIDATION OR CLASS TREATMENT OF ANY CLAIMS. THIS PROVISION IS SUBJECT TO THE FEDERAL ARBITRATION ACT. YOU UNDERSTAND AND ACKNOWLEDGE THAT BY AGREEING TO THIS ARBITRATION CLAUSE, YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL.

## State Specific Information
### Connecticut Subscribers

Connecticut subscribers may submit inquiries and complaints regarding the Services to the Connecticut Department of Public Utility Control via: (a) toll free 1-866-381-2355; (b) mail to: Connecticut DPUC, 10 Franklin Square, New Britain, CT 06051, Attention: Cellular; or (c) the web at http://www.state.ct.us/dpuc/cellphone.html

### South Dakota Subscribers

We will provide basic information about reduced rate telecommunications services under the federal Lifeline and Link Up programs. We will provide Lifeline and Link Up services to those who request such services and who meet the eligibility requirements to qualify for such services. We will comply with all current and future requirements related to Lifeline and Link Up. Notwithstanding anything to the contrary contained herein, payment of charges disputed may be withheld. We will treat all charges as undisputed unless otherwise notified by you. Claims or disputes arising under this Agreement may be subject to the jurisdiction of The Public Utilities Commission of South Dakota, which can be contacted via toll free at 1-800-332-1782 or via mail to The Public Utilities Commission of South Dakota, Capitol Building, First Floor, 500 East Capitol Avenue, Pierre, South Dakota 57501-5070.

### Entire Agreement

This Agreement, including its Terms and Conditions and your Service Order, is the entire Agreement between you and us, which may only be amended as described above. This Agreement supersedes any and all statements or promises made to you by any of our employees or agents.

May, 2005

# Exhibit B

**alltel** *Redacted*

## Account Summary

| Previous Charges | | |
|---|---|---|
| Previous Balance as of 04/08/06 | | $63.89 |
| Payments and Adjustments | | |
| Early Disconnect Penalty - 03/15/06 | $200.00 | |
| Thank you for your payment - 03/25/06 | $63.89 CR | |
| Total Payments and Adjustments | | $136.11 |
| **Past Due Balance** | | **$200.00** |
| Current Charges for all Subscribers | | |
| Other Charges and Credits | $6.02 | |
| Taxes | $22.29 | |
| Axcess Charges | $1.12 | |
| **Total Charges for all Subscribers** | | **$29.43** |

---

### WIRELESS
### Heather Tyler
[redacted]

**Current Charges for** [redacted]     **$29.43**

### Monthly Service Charges

| | Charges |
|---|---|
| Your Features: | |
| Air Detail | $1.00 |
| Air Detail | $1.00 CR |
| M2M Unlimited Local Freedom | $.00 |
| Nationwide Toll Free | $.00 |
| (Includes unlimited toll at $0 per minute) | |
| Unlimited Local Off Peak | $.00 |
| (Includes unlimited off-peak minutes of local airtime) | |

### Other Charges and Credits

| | Charges |
|---|---|
| LATE PAYMENT FEE | $3.00 |
| PORT OUT FEE | $.00 |
| State USF | $3.02 |

### Taxes

| | Charges |
|---|---|
| Federal Tax | $6.21 |
| State Tax | $12.07 |
| County Tax | $2.01 |
| City Tax | $2.00 |

---

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 194 minutes of local airtime. | | | | | |
| Anytime | 194 | 186.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 48.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 7.00 | -- | -- | $.00 |
| **Axcess Text Messaging** | | | | | |
| Incoming Text Msg | 0 | 8 | 8 | .08 | $.64 |
| Outgoing Text Msg | 0 | 8 | 8 | .06 | $.48 |
| **Long Distance Charges** | -- | -- | -- | -- | $.00 |

## Airtime Usage Detail

| | Date | Time | City, State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|---|
| 1 | 03/09 | 8:53A | LITTLEROCK, AR | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 2 | 03/09 | 2:41P | LITTLEROCK, AR | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 3 | 03/09 | 2:42P | LITTLEROCK, AR | [redacted] | 2.0 | P | 0.00 | 0.00 |
| 4 | 03/09 | 5:23P | INCOMING | [redacted] | 9.0 | P | 0.00 | 0.00 |
| 5 | 03/09 | 5:40P | INCOMING | [redacted] | 3.0 | P | 0.00 | 0.00 |
| 6 | 03/09 | 6:45P | LITTLEROCK, AR | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 7 | 03/09 | 6:45P | LITTLEROCK, AR | [redacted] | 2.0 | P | 0.00 | 0.00 |
| 8 | 03/10 | 8:41A | INCOMING | [redacted] | 3.0 | P | 0.00 | 0.00 |
| 9 | 03/10 | 9:13A | LITTLEROCK, AR | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 10 | 03/10 | 9:22A | LITTLEROCK, AR | [redacted] | 2.0 | P | 0.00 | 0.00 |
| 11 | 03/10 | 3:28P | INCOMING | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 12 | 03/10 | 3:50P | LITTLEROCK, AR | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 13 | 03/10 | 3:57P | INCOMING | [redacted] | 4.0 | P | 0.00 | 0.00 |
| 14 | 03/10 | 5:07P | INCOMING | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 15 | 03/10 | 5:22P | INCOMING | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 16 | 03/10 | 6:22P | INCOMING | [redacted] | 1.0 | P | 0.00 | 0.00 |
| 17 | 03/10 | 6:22P | INCOMING | [redacted] | 2.0 | P | 0.00 | 0.00 |
| 18 | 03/10 | 7:06P | LITTLEROCK, AR | [redacted] | 6.0 | P | 0.00 | 0.00 |
| 19 | 03/10 | 7:36P | LITTLEROCK, AR | [redacted] | 2.0 | P | 0.00 | 0.00 |
| 20 | 03/11 | 10:39A | INCOMING | [redacted] | 1.0 | OP NM | 0.00 | 0.00 |
| 21 | 03/11 | 10:46A | LITTLEROCK, AR | [redacted] | 7.0 | OP | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*

# alltel

||.||...|||..|||||.|||.||...||.||||..||.|||.|..||.||.|..||||..||.|..||||.||..|.|||
#BWNGZPD
#6590312333304088#     001037 01 AV   0.293   0008
HEATHER TYLER
████████████████

||..||.|.||.||..||..||.||..||.|.|.|..||||||.||..|..||||..||..|||.||

| BILL DATE | April 08, 2006 |
|---|---|
| ACCOUNT NUMBER | ████████████ |
| PAYMENT DUE | UPON RECEIPT |

## Your Account Summary

| | |
|---|---|
| Previous Balance | $63.89 |
| Payments Received through April 8, 2006 | $63.89 CR |
| Adjustments Applied through April 6, 2006 | $200.00 |
| Past Due Balance * | $200.00 |
| Total Current Charges | $29.43 |

*Past due payment must be made upon receipt of this bill to avoid service interruption.  Refer to payment options below.*





- View and pay your bill
- Check your minutes of use
- View rate plan information
- Reset wireless voice mail password
- View phone and user guide
- Change billing address

- By Mail: P.O. Box 9001905 Louisville, KY 40290-1905
- Automatic debit: Go to alltel.com and register under My Account
- Dial #PAY (#729) from your wireless phone
- Call 1 (800) 672-2051

Hours of Operation:
Mon.-Fri. 7am-10pm, Sat. 8am-6pm
- 1 (800) 255-8351
- *611 from your wireless phone

See reverse side for correspondence address

**Please detach here and return with remittance**

# alltel

HEATHER TYLER




| BILL DATE | April 08, 2006 |
|---|---|
| ACCOUNT NUMBER | 6590312333-560 |
| PAYMENT DUE | UPON RECEIPT |
| AMOUNT ENCLOSED | |

☐ Check here for address change or comments.
  Please write on reverse side.

|.|.||...|.|||.|.||..|..||.||.|..||..|..|||.||.|.|.|.|||

**ALLTEL**
P.O. BOX 9001905
LOUISVILLE, KY  40290-1905
||.|.|.||||.||..||.||.|..||..||.|||..|||||.....||||...||..|||.|.|||

6000560000000659031233320604080000002294340

# Exhibit C

*Redacted*

Heather Tyler

██████████████████

May 1, 2006

> Alltel
> Chenal Place 12319
> Chenal Parkway 72211

To whom it may concern:

My name is Heather Tyler. My billing address is ███████████████████
██████████. I received a bill from Alltel with a postdated upgrade claim of two
years. At that time, I neither requested nor did I receive an upgrade. Please find enclosed
a copy of the invoice of the phone I received, for which I paid full price. I cannot pay a
two year old bill, which is claimed for something I did not receive. If you have any
documentation to show that I received an upgrade and authorized that upgrade, please
provide it to me as soon as possible. I am sorry for this misunderstanding; however, I
never requested an upgrade. If I signed something that shows that I did get an upgrade, it
would have been without my knowledge. Please provide me this documentation so that
we may settle this matter to our mutual satisfaction.

Thank you,

*Heather Tyler*

Heather Tyler

CC:  Alltel Corporation
     Arkansas Attorney Generals Office
     Better Business Bureau

# Exhibit D

*Redacted*

## Better Business Bureau of Arkansas, Inc

## COMPLAINT ACTIVITY REPORT  Case # 19001473

**Consumer Info:** Tyler, Heather

**Business Info:** Alltel Communications, Inc.
One Allied Drive B5F03D
Little Rock, AR 72202
800 255-8351

**Location Involved:**   (Same as above)

**Consumer's Original Complaint :**
x

**Consumer's Desired Resolution:**

### BBB Processing

| | | | |
|---|---|---|---|
| 05/03/2006 | bria | BBB | Case Received by BBB |
| 05/03/2006 | bria | BBB | CASE REVIEWED BY BBB : Please see "Case Reviewed by BBB" to view consumer complaint. |
| 05/03/2006 | Otto | MAIL | Send Acknowledgement to Consumer |
| 05/03/2006 | Otto | EMAIL | Notify Business of Dispute |
| 05/19/2006 | bria | BBB | No response to first notice to business |
| 05/19/2006 | Otto | MAIL | Consumer - Have You Heard From the Company |
| 05/19/2006 | Otto | EMAIL | Reminder of Dispute to Business |
| 05/22/2006 | bria | BBB | RECEIVE BUSINESS RESPONSE : May 22, 2006 |

BBB of ArkansasAttn: Brittani Agent 12521 Kanis RdLittle Rock, AR 72211Brittania@bbbarkansas.orgFax 501.664.0024RE:    19001473Heather Tyler                                                  Ms. Agent:We are in receipt of a complaint-dated 5.4.2006, listed for the customer above. Ms. Tyler states she has been billed for an Early Disconnect Penalty, which she feels he does not owe and requests a copy of his signed contract.    Upon the extension of equipment to our customers, at a discounted price, we require a 24-month service obligation period. Each account holder is provided with a copy of the Terms and Conditions for service at the point of sale. These Terms can be located on the reverse side of the account holder's original receipt and subsequent receipts for upgrades. These Terms and Conditions include, but are not limited to, details on Alltel's upgrade and early disconnection policies. Although we are not required to retain copies of original, signed receipts, the nature of our service is such that  service cannot be activated without the account holder receiving the Terms & Conditions, which includes information such as the telephone number that is assigned to the equipment. Specific details regarding record retention may be found under the About These Terms and Conditions portion of the contract. This section reads, in part, "â€¦You acknowledge and agree that Alltel will not maintain a paper copy of your Agreement, Alltel will maintain your rate plan and feature information electronically, and Alltel will maintain its copy of the Terms & Conditions at www.alltel.com. If you lose your Terms & Conditions, you may retrieve the then current electronic copy from www.alltel.com at any timeâ€¦".".    Our records indicate that Ms. Tyler's contract expiration date was 05-07. Her service was disconnected with Alltel in 3-06, approximately 14 months prior to the fulfillment of the contractual obligation.After carefully reviewing Ms. Tyler's account, unfortunately, we are unable to waive her Early Disconnect Penalty. We are showing Ms. Tyler's equipment was given to her at a disconnected price, which entitled her to a 24-month contract.  At Alltel, we recognize that exceptional customer service is essential to our success. I trust this letter provides confirmation of the resolution of this matter. We appreciate the opportunity to address the concerns of our customers and apologize for any inconvenience resulting from this situation.Sincerely,Doris Trotter ALLTEL Executive Customer Relations

| | | | |
|---|---|---|---|
| 05/22/2006 | bria | BBB | Forward Business response to Consumer |

# Exhibit
# E

*Redacted*

One Allied Drive, B5F3-D
Little Rock, AR 72202

1-800-ALLTEL-1



June 14, 2006

The Attorney General Office
State of Arkansas
Attn: Kym Armstrong
323 Center St Suite 1100
Little Rock, AR 72201
Fax #: 501-682-8118

RE: 19001473
Heather Tyler

Ms. Armstrong:

We are in receipt of a rebuttal dated 6.1.2006 for the customer listed above. Ms Tyler states she would like to receive a copy of the signed contract for the equipment upgrade we states she did not fulfill.

**Terms and Conditions:**

(i) Alltel will not maintain a paper copy of your Agreement, (ii) Alltel will maintain your rate plan and feature information electronically, and (iii) Alltel will maintain its copy of the Terms and Conditions at www.Alltel.com. If you lose your copy of the Terms and Conditions, you may retrieve the then current electronic copy from www.Alltel.com at any time.

However, we are providing Ms Tyler with a copy of the sales receipt of the time of her purchase. Reviewing the receipt, you will find the date the transaction took place, date the contract initiated and the amount she paid for the equipment. Her contract originated 9.7.2004 and was set to expire on 9.7.2006. Ms. Tyler ported her number to another carrier on 3.10.2006 and was charged an Early Termination fee.

Ms Tyler did purchase equipment on 2.4.2006 at full retail price. However, she was still under contract for her previous equipment.

We do apologize for any inconvenience resulting from this situation. We trust this letter provides confirmation of the resolution of this matter.

Sincerely,

Doris Trotter
Alltel Executive Customer Relations

# Exhibit F

*attn: Dorris*

---

Historical Receipt Viewer

Print

ALLTEL Communications, Inc.
12319 Chenal Parkway Ste. C
Little Rock, AR
Store No 23522

Order # 1-207-626442
09/07/2004 05:24 pm

Customer Name : TYLER, HEATHER
Account Number : ████████

Salesperson : Thurow, Brian

1 358710 99
SN:
26CD9FEE
Mobile/Pager:
████████

Account Number:
████████

1 NCLSACO 299 95
Mobile/Pager:
████████

Account Number:
████████

Subtotal 30.94
Sales tax 2.32
Total 33.26



Change 0.00

Visa
Card Num : ████████████████
Exp. Date :  ██████
Terminal : 30 003415609
Approval : 06:332

I agree to pay the above Total Amount
according to Card Issuer Agreement.

Signature _____

We appreciate your business.

# Exhibit

# G



**alltel**

Po Box 8130
Little Rock AR   72203-8130

005886 01 AB   0.317   0020
**HEATHER TYLER**

Date:  May 24, 2006

Total amount due $  232.97
Account #

Dear HEATHER TYLER

This is an important notice from ALLTEL which requires your immediate attention. Due to an outstanding balance, your account is being reviewed for further collection steps, which may include placement with an outside collection agency. This action will affect your personal credit history and may impact your ability to obtain credit in the future.

You may use our automated system to make a credit/debit card payment, at no extra charge, or make payment by check. You may also pay online by visiting our website at www.ALLTEL.com. If payment has already been submitted, please disregard this notice.

*eCheck Authorization: 9487.  By entering or providing this 4-digit code when paying by phone, I hereby authorize ALLTEL and the financial institution designated by me to charge the account I have specified for payment of my ALLTEL services.  I understand that a fee will be charged to my ALLTEL account for each request returned unpaid. If two requests are returned unpaid, I will be excluded from this option.  In addition, I understand that ALLTEL and the financial institution reserve the right to terminate this payment option.  This authorization can be revoked by notifying ALLTEL at the customer service number listed on my bill, or at the number listed on this notice, prior to 4:00 PM CST on my specified payment date.*

Thank you for choosing ALLTEL as your service provider.  Call 1-800-672-2051 to reach our automated system or you may dial #PAY (#729) from your ALLTEL wireless phone.

**Please detach here and return with remittance**
**Desprenda aquí y envíe con su pago (para el texto en español, vea en el reverso)**

---

**alltel**℠

☐ Check here for address change
   (Please write address change on reverse side)

☐ Check here for Comments on reverse side

Account Number

Total Amount Due                    **$232.97**

Due Date                    **DUE IMMEDIATELY**

Amount Paid  $        ☐☐☐.☐☐

**HEATHER TYLER**

**ALLTEL**
**PO BOX 9001905**
**LOUISVILLE, KY 40290-1905**

6000560000000659031233320605240000023297744

# Exhibit

# H



**ALLTEL.**

Redacted

BILL DATE
ACCOUNT NUMBER

## Account Summary

**Previous Charges**

| | |
|---|---|
| Previous Balance as of 09/08/04 | **$348.94** |
| Payments and Adjustments | |
| Thank you for your payment - 08/19/04 | $348.94 CR |
| Total Payments and Adjustments | **$348.94 CR** |
| **Balance Forward** | **$.00** |

**Current Charges for all Subscribers**

| | |
|---|---|
| Monthly Service Charges | $47.21 |
| Other Charges and Credits | $3.14 |
| Taxes | $5.11 |
| Airtime & Directory Assistance Charges | $2.50 |
| **Total Charges for all Subscribers** | **$57.96** |
| **TOTAL BALANCE DUE** | **$57.96** |

---

**WIRELESS**       Sep 09 - Oct 08
**Heather Tyler**

**Current Charges for** ▓▓▓▓▓▓       **$57.96**

### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 09/09/04 - 10/08/04 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Product Guard | | $.26 |
| *Partial Month Charges for SEP 07-SEP 08 | | |
| Contract Renewal-24Mos | | $.00 |
| Basic Voicemail Free | | $.00 |
| CDMA User | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| ▓▓▓▓▓▓▓▓ | | $1.00 CR |
| Product Guard | | $4.00 |
| No Answer Transfer Free | | $.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Contract Renewal-24Mos | | $.00 |
| Free Uni Text Msg Until 10-1 | | $.00 |

**TOTAL MONTHLY SERVICE CHARGES** $47.21
\* This Is A Partial Month Charge Based On Your Actual Days Of Service.

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.40 |
| 911 Service | $.50 |
| Federal USF | $1.09 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.14** |

### Taxes

| | Charges |
|---|---|
| State Tax | $2.90 |
| County Tax | $.50 |
| Federal Tax | $1.47 |
| City Tax | $.24 |
| **TOTAL TAXES** | **$5.11** |

### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 582.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 305.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 1,385.00 | -- | -- | $.00 |
| Free Calls | -- | 67 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 2 CALLS | -- | -- | $2.50 |
| **TOTAL USAGE CHARGES** | | | | | **$2.50** |






*Redacted*

## Account Summary

| Previous Charges | | |
|---|---|---|
| Previous Balance as of 11/08/04 | | $67.42 |
| Payments and Adjustments | | |
| Thank you for your payment - 10/26/04 | $67.42 CR | |
| Total Payments and Adjustments | | $67.42 CR |
| **Balance Forward** | | **$.00** |
| Current Charges for all Subscribers | | |
| Monthly Service Charges | $46.95 | |
| Other Charges and Credits | $3.67 | |
| Taxes | $6.41 | |
| Airtime & Directory Assistance Charges | $17.50 | |
| **Total Charges for all Subscribers** | | **$74.53** |
| **TOTAL BALANCE DUE** | | **$74.53** |

### WIRELESS     Nov 09 - Dec 08
**Heather Tyler**

**Current Charges for** ▮▮▮▮▮▮     **$74.53**

## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 11/09/04 - 12/08/04 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| CDMA User | | $.00 |
| Basic Digital Advtge N/C | | $.00 |
| ▮▮▮▮▮▮▮▮▮ | | $0.00 |
| Product Guard | | $4.00 |
| No Answer Transfer Free | | $.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Mobile Under 24 Agreement | | $.00 |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$46.95** |

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.55 |
| 911 Service | $.50 |
| Federal USF | $1.47 |
| **TOTAL OTHER CHARGES AND CREDITS** | |

## Taxes

| | Charges |
|---|---|
| State Tax | $3.82 |
| County Tax | $.65 |
| Federal Tax | $1.94 |
| **TOTAL TAXES** | |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 817.10 | — | — | $.00 |
| Night/Weekend | UNLIMITED | 420.60 | — | — | $.00 |
| Mobile-To-Mobile | UNLIMITED | 1,234.00 | — | — | $.00 |
| Free Calls | — | 129 | — | — | $.00 |
| Directory Assistance Charges | — | 14 CALLS | — | — | $17.50 |
| **TOTAL USAGE CHARGES** | | | | | **$17.50** |

## Airtime Usage Detail

| | Date | Time | City/State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/09 | 8:12A | MOBILE | ▮▮▮▮▮ | 1.0 | OP MM | 0.00 | 0.00 |
| 2 | 10/09 | 8:12A | INCOMING | ▮▮▮▮▮ | 2.0 | OP MM | 0.00 | 0.00 |
| 3 | 10/09 | 8:13A | INCOMING | ▮▮▮▮▮ | 23.0 | OP W | 0.00 | 0.00 |
| 4 | 10/09 | 8:35A | MOBILE | ▮▮▮▮▮ | 5.0 | OP MM | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*

# ALLTEL

## Account Summary

| | | |
|---|---|---|
| **Previous Charges** | | |
| Previous Balance as of 01/08/05 | | $79.49 |
| Payments and Adjustments | | |
| Thank you for your payment – 12/27/04 | $79.49 CR | |
| Total Payments and Adjustments | | $79.49 CR |
| **Balance Forward** | | **$.00** |
| Current Charges for all Subscribers | | |
| Monthly Service Charges | $46.95 | |
| Other Charges and Credits | $4.04 | |
| Taxes | $6.57 | |
| Airtime & Directory Assistance Charges | $18.75 | |
| **Total Charges for all Subscribers** | | **$76.31** |
| **TOTAL BALANCE DUE** | | |

---

### WIRELESS
(ᴾ) Heather Tyler

**Jan 09 - Feb 08**

**Current Charges for ( )**    **$76.31**

## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 01/09/05 - 02/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (Includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (Includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| CDMA User | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
|  | | |
| Product Guard | | $4.00 |
| No Answer Transfer Free | | $.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Mobile Under 24 Agreement | | $.00 |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$46.95** |

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.56 |
| 911 Service | $.50 |
| Federal USF | $1.83 |
| **TOTAL OTHER CHARGES AND CREDITS** | |

## Taxes

| | Charges |
|---|---|
| State Tax | $3.92 |
| County Tax | $.67 |
| Federal Tax | $1.98 |
| **TOTAL TAXES** | |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 651.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 189.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 407.00 | -- | -- | $.00 |
| Free Calls | -- | 54 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 15 CALLS | -- | -- | $18.75 |
| **TOTAL USAGE CHARGES** | | | | | **$18.75** |

## Airtime Usage Detail

| | Date | Time | City, State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/09 | 11:34A | LITTLEROCK, AR | | 3.0 | P | 0.00 | 0.00 |
| 2 | 1/09 | 12:11P | MOBILE | | 1.0 | P MM | 0.00 | 0.00 |
| 3 | 1/09 | 2:08P | LITTLEROCK, AR | | 2.0 | P | 0.00 | 0.00 |
| 4 | 1/09 | 2:43P | LITTLEROCK, AR | | 1.0 | P | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*

**.ALLTEL**

*Redacted*

## Account Summary

**Previous Charges**

| | |
|---|---|
| Previous Balance as of 02/08/05 | $76.31 |
| Payments and Adjustments | |
|     Thank you for your payment - 01/23/05 | $76.31 CR |
| Total Payments and Adjustments | $76.31 CR |
| **Balance Forward** | **$.00** |

**Current Charges for all Subscribers**

| | |
|---|---|
| Monthly Service Charges | $46.95 |
| Other Charges and Credits | $103.44 |
| Taxes | $5.01 |
| Airtime & Directory Assistance Charges | $3.75 |
| **Total Charges for all Subscribers** | **$159.15** |
| **TOTAL BALANCE DUE** | **$159.15** |

---

### WIRELESS
**Heather Tyler**

Feb 09 - Mar 08

**Current Charges for** _____ **$159.15**



## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 02/09/05 - 03/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
|   (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
|   (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| CDMA User | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| | | $.00 |
| Product Guard | | $4.00 |
| No Answer Transfer Free | | $.00 |
| BASIC CALLING FEAT | | $.00 |
|   Call Forwarding Free | | |
|   Caller ID Free | | |
|   Call Waiting Free | | |
|   Detailed Billing Free | | |
|   Three Way Calling Free | | |
| Mobile Under 24 Agreement | | $.00 |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$46.95** |

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| EQUIPMENT / FEES Inv#0001-1196497881 | $100.00 |
| State USF | $.42 |
| 911 Service | $.50 |
| Federal USF | $1.37 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$103.44** |

## Taxes

| | Charges |
|---|---|
| State Tax | $2.99 |
| County Tax | $.51 |
| Federal Tax | $1.51 |
| **TOTAL TAXES** | **$5.01** |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 362.40 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 263.50 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 307.00 | -- | -- | $.00 |
| Free Calls | -- | 30 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 3 CALLS | -- | -- | $3.75 |
| **TOTAL USAGE CHARGES** | | | | | **$3.75** |

## Airtime Usage Detail

| Date | Time | City, State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|
| 1  01/09 | 2:31P | LITTLEROCK, AR | | 2.0 | OP | 0.00 | 0.00 |
| 2  01/09 | 2:37P | MOBILE | | 2.0 | OP MM | 0.00 | 0.00 |
| 3  01/09 | 5:55P | INCOMING | | 3.0 | OP MM | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*



## Account Summary

**Previous Charges**

| | |
|---|---|
| Previous Balance as of 03/08/05 | $159.15 |
| Payments and Adjustments | |
| Thank you for your payment - 02/28/05 | $159.15 CR |
| Total Payments and Adjustments | $159.15 CR |
| **Balance Forward** | **$.00** |

**Current Charges for all Subscribers**

| | |
|---|---|
| Monthly Service Charges | $46.95 |
| Other Charges and Credits | $3.44 |
| Taxes | $5.01 |
| Airtime & Directory Assistance Charges | $3.75 |
| **Total Charges for all Subscribers** | **$59.15** |
| **TOTAL BALANCE DUE** | **$59.15** |

---

**WIRELESS**      **Mar 09 - Apr 08**
**Heather Tyler**

**Current Charges for**      **$59.15**

### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 03/09/05 - 04/08/05 | $39.95 |
| Your Features: | | |
|   Air Detail | | $1.00 |
|   Air Detail | | $1.00 CR |
|   M2M Unlimited Local Freedom | | $.00 |
|   Nationwide Toll Free | | $.00 |
|     (Includes unlimited toll at $0 per minute) | | |
|   Unlimited Local Off Peak | | $.00 |
|     (Includes unlimited off-peak minutes of local airtime) | | |
|   Basic Voicemail Free | | $.00 |
|   CDMA User | | $.00 |
|   Basic Digital Advisor N/C | | $.00 |
|   Will Transfer 100 | | $.00 CR |
|   Product Guard | | $4.00 |
|   No Answer Transfer Free | | $.00 |
|   BASIC CALLING FEAT | | $.00 |
|     Call Forwarding Free | | |
|     Caller ID Free | | |
|     Call Waiting Free | | |
|     Detailed Billing Free | | |
|     Three Way Calling Free | | |
|   Mobile Under 24 Agreement | | $.00 |
|   Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$46.95** |

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.42 |
| 911 Service | $.50 |
| Federal USF | $1.37 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.44** |

### Taxes

| | Charges |
|---|---|
| State Tax | $2.99 |
| County Tax | $.51 |
| Federal Tax | $1.51 |
| **TOTAL TAXES** | **$5.01** |

### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 458.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 137.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 509.00 | -- | -- | $.00 |
| Free Calls | -- | 52 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 3 CALLS | -- | -- | $3.75 |
| **TOTAL USAGE CHARGES** | | | | | **$3.75** |

### Airtime Usage Detail

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|
| 1 02/09 | 2:47P | LITTLEROCK, AR | | 7.0 | P | 0.00 | 0.00 |
| 2 02/09 | 3:49P | LITTLEROCK, AR | | 6.0 | P | 0.00 | 0.00 |
| 3 02/09 | 3:45P | MOBILE | | 2.0 | P MM | 0.00 | 0.00 |
| 4 02/09 | 5:13P | MOBILE | | 17.0 | P MM | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*



**ALLTEL** *Redacted*

## Account Summary

**Previous Charges**

| | |
|---|---|
| Previous Balance as of 04/08/05 | $59.15 |
| Payments and Adjustments | |
| Thank you for your payment - 03/21/05 | $59.15 CR |
| Total Payments and Adjustments | $59.15 CR |
| **Balance Forward** | **$.00** |

**Current Charges for all Subscribers**

| | |
|---|---|
| Monthly Service Charges | $46.95 |
| Other Charges and Credits | $3.33 |
| Taxes | $4.64 |
| Axcess Charges | $.10 |
| **Total Charges for all Subscribers** | **$55.02** |
| **TOTAL BALANCE DUE** | **$55.02** |

---

**(◉) WIRELESS**
**Heather Tyler**

**Apr 09 - May 08**

**Current Charges for** ■■■■■■■■    **$55.02**

## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 04/09/05 - 05/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| CDMA User | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| ▓▓▓▓▓▓▓▓▓ | | $█.██ |
| Product Guard | | $4.00 |
| No Answer Transfer Free | | $.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Mobile Under 24 Agreement | | $.00 |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$46.95** |

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.38 |
| 911 Service | $.50 |
| Federal USF | $1.30 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.33** |

## Taxes

| | Charges |
|---|---|
| State Tax | $2.77 |
| County Tax | $.47 |
| Federal Tax | $1.40 |
| **TOTAL TAXES** | **$4.64** |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 579.40 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 205.60 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 433.00 | -- | -- | $.00 |
| Free Calls | -- | 14 | -- | -- | $.00 |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | 25 | 1 | -- | -- | $.00 |
| Outgoing Text Msg | 0 | 1 | 1 | .10 | $.10 |
| **TOTAL USAGE CHARGES** | | | | | **$.10** |

# alltel

*Redacted*

## Account Summary

| | | |
|---|---|---|
| **Previous Charges** | | |
| Previous Balance as of 05/08/05 | | $55.02 |
| Payments and Adjustments | | |
| Thank you for your payment - 04/22/05 | $55.02 CR | |
| Total Payments and Adjustments | | $55.02 CR |
| **Balance Forward** | | $.00 |
| Current Charges for all Subscribers | | |
| Monthly Service Charges | $46.95 | |
| Other Charges and Credits | $3.33 | |
| Taxes | $4.65 | |
| Axcess Charges | $.40 | |
| **Total Charges for all Subscribers** | | $55.33 |
| **TOTAL BALANCE DUE** | | ███████ |

---

### WIRELESS — Heather Tyler    May 09 - Jun 08

**Current Charges for** ███████    **$55.33**

## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 05/09/05 - 06/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| ███████ | | $.00 |
| Product Guard | | $4.00 |
| No Answer Transfer Free | | $.00 |
| BASIC CALLING FEAT | | |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Mobile Under 24 Agreement | | $.00 |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$46.95** |

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.55 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.38 |
| 911 Service | $.50 |
| Federal USF | $1.30 |
| **TOTAL OTHER CHARGES AND CREDITS** | ███████ |

## Taxes

| | Charges |
|---|---|
| State Tax | $2.78 |
| County Tax | $.47 |
| Federal Tax | $1.40 |
| **TOTAL TAXES** | ███████ |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 466.30 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 189.60 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 387.00 | -- | -- | $.00 |
| Free Calls | -- | 16 | -- | -- | $.00 |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | 25 | 5 | -- | -- | $.00 |
| Outgoing Text Msg | 0 | 4 | 4 | .10 | $.40 |
| **TOTAL USAGE CHARGES** | | | | | **$.40** |
| Total Minutes Not Charged For Dropped Calls   1 | | | | | |

Redacted

# alltel

## Account Summary

| | | |
|---|---|---|
| **Previous Charges** | | |
| Previous Balance as of 06/08/05 | | $55.33 |
| Payments and Adjustments | | |
| Thank you for your payment - 05/26/05 | $55.33 CR | |
| Total Payments and Adjustments | | $55.33 CR |
| **Balance Forward** | | **$.00** |
| **Current Charges for all Subscribers** | | |
| Monthly Service Charges | $47.95 | |
| Other Charges and Credits | $3.33 | |
| Taxes | $4.99 | |
| Axcess Charges | $.10 | |
| **Total Charges for all Subscribers** | | **$56.37** |
| **TOTAL BALANCE DUE** | | **$56.37** |

---

### WIRELESS    Jun 09 - Jul 08
**Heather Tyler**

**Current Charges for** ▮▮▮▮    **$56.37**

#### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 06/09/05 - 07/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| M2 Nation▮▮▮▮ | | $3.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Mobile Under 24 Agreement | | $.00 |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

---

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.38 |
| 911 Service | $.50 |
| Federal USF | $1.30 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.33** |



### Taxes

| | Charges |
|---|---|
| State Tax | $3.07 |
| County Tax | $.52 |
| Federal Tax | $1.40 |
| **TOTAL TAXES** | **$4.99** |



### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| **Local Freedom 1000 includes 1000 minutes of local airtime.** | | | | | |
| Anytime | 1000 | 460.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 105.90 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 320.00 | -- | -- | $.00 |
| **Free Calls** | -- | 15 | -- | -- | $.00 |
| **Axcess Text Messaging** | | | | | |
| Incoming Text Msg | 25 | 1 | -- | -- | $.00 |
| Outgoing Text Msg | 0 | 1 | 1 | .10 | $.10 |
| **TOTAL USAGE CHARGES** | | | | | **$.10** |
| Total Minutes Not Charged For Dropped Calls  3 | | | | | |

*Redacted*

# ⬤lltel

## Account Summary

**Previous Charges**

| | |
|---|---|
| Previous Balance as of 07/08/05 | $56.37 |
| Payments and Adjustments | |
| Thank you for your payment - 06/18/05 | $56.37 CR |
| Total Payments and Adjustments | $56.37 CR |
| **Balance Forward** | **$.00** |

**Current Charges for all Subscribers**

| | |
|---|---|
| Monthly Service Charges | $47.95 |
| Other Charges and Credits | $3.53 |
| Taxes | $4.99 |
| Axcess Charges | $.20 |
| **Total Charges for all Subscribers** | **$56.67** |
| **TOTAL BALANCE DUE** | **$56.67** |

---

## WIRELESS
### ⊙ Heather Tyler
**Jul 09 - Aug 08**

### Current Charges for _____ $56.67

### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 07/09/05 - 08/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| | | $.00 |
| | | $.00 |
| | | $5.00 |
| | | $.00 |

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.68 |
| 911 Service | $.50 |
| Federal USF | $1.20 |
| **TOTAL OTHER CHARGES AND CREDITS** | |

### Taxes

| | Charges |
|---|---|
| State Tax | $3.06 |
| County Tax | $.52 |
| Federal Tax | $1.41 |
| **TOTAL TAXES** | |



### Current Usage Summary

Local Freedom 1000 includes 1000 minutes of local airtime.

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Anytime | 1000 | 397.80 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 202.10 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 282.00 | -- | -- | $.00 |
| Free Calls | -- | 10 | -- | -- | $.00 |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | 25 | 4 | -- | -- | $.00 |
| Outgoing Text Msg | 0 | 2 | 2 | .10 | $.20 |
| **TOTAL USAGE CHARGES** | | | | | $.20 |

Total Minutes Not Charged For Dropped Calls  2



*Redacted*

BILL DATE:
ACCOUNT NUMBER

## Account Summary

| Previous Charges | |
| --- | --- |
| Previous Balance as of 08/08/05 | **$56.67** |
| Payments and Adjustments | |
| Thank you for your payment - 07/20/05 | $56.67 CR |
| Total Payments and Adjustments | **$56.67 CR** |
| Balance Forward | **$.00** |
| Current Charges for all Subscribers | |
| Monthly Service Charges | $47.95 |
| Other Charges and Credits | $3.53 |
| Taxes | $4.99 |
| Axcess Charges | $.10 |
| Total Charges for all Subscribers | **$56.57** |
| TOTAL BALANCE DUE | **$56.57** |

---

**WIRELESS**   Aug 09 - Sep 08

Heather Tyler

**Current Charges for** _____   **$56.57**

### Monthly Service Charges

| | | Charges |
| --- | --- | --- |
| Local Freedom 1000 | 08/09/05 - 09/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| | | $5.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

### Other Charges and Credits

| | Charges |
| --- | --- |
| Regulatory Cost Recovery Fee | $.95 |
| Telecom Connectivity Fee | $.50 |
| State USF | $.68 |
| 911 Service | $.50 |
| Federal USF | $1.20 |
| **TOTAL OTHER CHARGES AND CREDITS** | |

### Taxes

| | Charges |
| --- | --- |
| State Tax | $3.06 |
| County Tax | $.52 |
| Federal Tax | $1.41 |
| **TOTAL TAXES** | |

### Current Usage Summary

Local Freedom 1000 includes 1000 minutes of local airtime.

| | Included | Used | Overage | Rate | Charge |
| --- | --- | --- | --- | --- | --- |
| Anytime | 1000 | 290.90 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 387.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 527.00 | -- | -- | $.00 |
| Free Calls | -- | 31 | -- | -- | $.00 |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | 25 | -- | -- | -- | $.00 |
| Outgoing Text Msg | 0 | 1 | 1 | .10 | $.10 |
| **TOTAL USAGE CHARGES** | | | | | **$.10** |

Total Minutes Not Charged For Dropped Calls  2

**alltel**

*redacted*

Page 3 of 8
BILL DATE        September 08, 2005
ACCOUNT NUMBER

## Account Summary

**Previous Charges**

| | | |
|---|---|---|
| Previous Balance as of 09/08/05 | | $56.57 |
| Payments and Adjustments | | |
| Thank you for your payment - 08/25/05 | $56.57 CR | |
| Total Payments and Adjustments | | $56.57 CR |
| **Balance Forward** | | **$.00** |
| Current Charges for all Subscribers | | |
| Monthly Service Charges | $47.95 | |
| Other Charges and Credits | $3.93 | |
| Taxes | $5.88 | |
| Airtime & Directory Assistance Charges | $8.75 | |
| **Total Charges for all Subscribers** | | **$66.51** |
| **TOTAL BALANCE DUE** | | **$66.51** |

---

| | |
|---|---|
| (⊙) **WIRELESS** **Heather Tyler** | **Sep 09- Oct 08** |

**Current Charges for** _____ **$66.51**

### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 09/09/05 - 10/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| | | $3.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.83 |
| 911 Service | $.50 |
| Federal USF | $1.45 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.93** |

### Taxes

| | Charges |
|---|---|
| State Tax | $3.60 |
| County Tax | $.61 |
| Federal Tax | $1.67 |
| **TOTAL TAXES** | **$5.88** |

### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| **Local Freedom 1000 includes 1000 minutes of local airtime.** | | | | | |
| Anytime | 1000 | 613.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 336.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 375.00 | -- | -- | $.00 |
| Free Calls | -- | 20 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 7 CALLS | -- | -- | $8.75 |
| **TOTAL USAGE CHARGES** | | | | | **$8.75** |
| Total Minutes Not Charged For Dropped Calls | 2 | | | | |

### Airtime Usage Detail

| | Date | Time | City,State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|---|
| 1 | 09/09 | 7:23A | LITTLEROCK, AR | | 1.0 | P | 0.00 | 0.00 |
| 2 | 09/09 | 8:43A | LITTLEROCK, AR | | 4.0 | P | 0.00 | 0.00 |
| 3 | 09/09 | 8:50A | LITTLEROCK, AR | | 1.0 | P | 0.00 | 0.00 |

*Please see last page of bill for explanation of call codes.*

# alltel

*Redacted*

## Account Summary

Previous Charges

Previous Balance as of 10/08/05 — **$66.51**

Payments and Adjustments

Thank you for your payment - 09/15/05 — $66.51CR

Total Payments and Adjustments — **$66.51 CR**

**Balance Forward** — **$.00**

Current Charges for all Subscribers

Monthly Service Charges — $47.95
Other Charges and Credits — $3.86
Taxes — $5.88
Axcess Charges — $13.71
Airtime & Directory Assistance Charges — $1.25

**Total Charges for all Subscribers** — **$72.65**

**TOTAL BALANCE DUE**

---

### WIRELESS
**Heather Tyler**

Oct 09 - Nov 08

**Current Charges for** — **$72.65**

#### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 10/09/05 - 11/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (Includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (Includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |

**TOTAL MONTHLY SERVICE CHARGES** — **$47.95**

#### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.50 |
| State USF | $.88 |
| 911 Service | $.50 |
| Federal USF | $1.33 |

#### Taxes

| | Charges |
|---|---|
| State Tax | $3.78 |
| County Tax | $.64 |
| Federal Tax | $1.46 |

#### Premium Axcess Purchases

| | Charges |
|---|---|
| Galaga | $2.99 |

**TOTAL PREMIUM AXCESS CHARGE**

#### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 453.30 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 221.60 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 227.00 | -- | -- | $.00 |
| Free Calls | -- | 3 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 1 CALL | -- | -- | $1.25 |
| Axcess Text Messaging | | | | | |

# alltel

*Redacted*

Page 3 of 7
BILL DATE    November 08, 2005
ACCOUNT NUMBER

## Account Summary

Previous Charges

| | | |
|---|---|---|
| Previous Balance as of 11/08/05 | | $72.65 |
| Payments and Adjustments | | |
| Thank you for your payment - 10/27/05 | $72.65 CR | |
| Total Payments and Adjustments | | $72.65 CR |
| **Balance Forward** | | **$.00** |

Current Charges for all Subscribers

| | |
|---|---|
| Monthly Service Charges | $47.95 |
| Other Charges and Credits | $4.29 |
| Taxes | $6.93 |
| Axcess Charges | $34.33 |
| Airtime & Directory Assistance Charges | $1.25 |
| **Total Charges for all Subscribers** | **$94.75** |
| **TOTAL BALANCE DUE** | |

---

| WIRELESS Heather Tyler | Nov 09- Dec 08 |
|---|---|

**Current Charges for** ▓▓▓▓▓  **$94.75**

## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 11/09/05 - 12/08/05 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (Includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (Includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| ▓▓▓▓▓▓▓▓▓▓▓ | | $3.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $1.13 |
| 911 Service | $.50 |
| Federal USF | $1.51 |
| **TOTAL OTHER CHARGES AND CREDITS** | |

## Taxes

| | Charges |
|---|---|
| State Tax | $4.67 |
| County Tax | $.79 |
| Federal Tax | $1.47 |
| **TOTAL TAXES** | |

## Premium Axcess Purchases

| | Charges |
|---|---|
| Sony Music Box | $2.99 |
| Sony Music Box | $2.99 |
| Galaga | $2.99 |
| **TOTAL PREMIUM AXCESS CHARGES** | |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 736.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 257.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 257.00 | -- | -- | $.00 |
| Free Calls | -- | 3 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 1 CALL | -- | -- | $1.25 |

# alltel

*Redacted*

Page  3 of  7

BILL DATE          December 08, 2005
ACCOUNT NUMBER   ▇▇▇▇▇▇▇▇▇

## Account Summary

Previous Charges

| | | |
|---|---|---|
| Previous Balance as of 12/08/05 | | $94.75 |
| Payments and Adjustments | | |
| Thank you for your payment - 11/21/05 | $94.75 CR | |
| Total Payments and Adjustments | | $94.75 CR |
| **Balance Forward** | | **$.00** |
| Current Charges for all Subscribers | | |
| Monthly Service Charges | $47.95 | |
| Other Charges and Credits | $3.68 | |
| Taxes | $5.23 | |
| Axcess Charges | $6.43 | |
| **Total Charges for all Subscribers** | | **$63.29** |
| **TOTAL BALANCE DUE** | | **$63.29** |

---

### WIRELESS
### Heather Tyler
**Dec 09 - Jan 08**

**Current Charges for** ▇▇▇▇▇     **$63.29**

## Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 12/09/05 - 01/08/06 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| ▇▇ ▇▇▇▇▇▇ | | $3.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.74 |
| 911 Service | $.50 |
| Federal USF | $1.29 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.68** |

### Taxes

| | Charges |
|---|---|
| State Tax | $3.27 |
| County Tax | $.55 |
| Federal Tax | $1.41 |
| **TOTAL TAXES** | **$5.23** |

### Premium Axcess Purchases

| | Charges |
|---|---|
| Galaga | $2.99 |
| **TOTAL PREMIUM AXCESS CHARGES** | **$2.99** |

### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 230.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 187.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 315.00 | -- | -- | $.00 |
| Free Calls | -- | 10 | -- | -- | $.00 |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | 0 | 25 | 25 | .08 | $2.00 |
| Outgoing Text Msg | 0 | 18 | 18 | .08 | $1.44 |
| **TOTAL USAGE CHARGES** | | | | | **$3.44** |






**alltel**

*Redacted*

BILL DATE
ACCOUNT NUMBER

## Account Summary

**Previous Charges**

| | | |
|---|---|---|
| Previous Balance as of 01/08/06 | | $63.29 |
| Payments and Adjustments | | |
| Thank you for your payment - 12/22/05 | $63.29 CR | |
| Total Payments and Adjustments | | $63.29 CR |
| **Balance Forward** | | **$.00** |

**Current Charges for all Subscribers**

| | | |
|---|---|---|
| Monthly Service Charges | $47.95 | |
| Other Charges and Credits | $3.92 | |
| Taxes | $5.23 | |
| Axcess Charges | $4.35 | |
| Airtime & Directory Assistance Charges | $1.25 | |
| **Total Charges for all Subscribers** | | **$62.70** |
| **TOTAL BALANCE DUE** | | **$62.70** |

---

### WIRELESS
**Heather Tyler**

Jan 09 - Feb 08

**Current Charges for** [redacted]        **$62.70**

#### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 01/09/06 - 02/08/06 | $39.95 |
| **Your Features:** | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| [redacted] | | |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

*Could this be Mr. Reed's bill?* (handwritten note)

---




#### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.64 |
| 911 Service | $.80 |
| Federal USF | $1.33 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$3.92** |

#### Taxes

| | Charges |
|---|---|
| State Tax | $3.24 |
| County Tax | $.54 |
| Federal Tax | $1.45 |
| **TOTAL TAXES** | **$5.23** |

#### Premium Axcess Purchases

| | Charges |
|---|---|
| Galaga | $2.99 |
| **TOTAL PREMIUM AXCESS CHARGES** | **$2.99** |

#### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| **Local Freedom 1000 includes 1000 minutes of local airtime.** | | | | | |
| Anytime | 1000 | 260.70 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 230.20 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 230.00 | -- | -- | $.00 |
| **Free Calls** | -- | 4 | -- | -- | $.00 |
| **Directory Assistance Charges** | -- | 1 CALL | -- | -- | $1.25 |
| **Axcess Text Messaging** | | | | | |

 **alltel**

*Redacted*



BILL DATE

ACCOUNT NUMBER

## Account Summary

**Previous Charges**

| | | |
|---|---|---|
| Previous Balance as of 02/08/06 | | $62.70 |
| Payments and Adjustments | | |
| Thank you for your payment - 01/17/06 | $62.70 CR | |
| Total Payments and Adjustments | | $62.70 CR |
| **Balance Forward** | | **$.00** |

**Current Charges for all Subscribers**

| | | |
|---|---|---|
| Monthly Service Charges | $47.95 | |
| Other Charges and Credits | $4.31 | |
| Taxes | $6.16 | |
| Axcess Charges | $4.67 | |
| Airtime & Directory Assistance Charges | $10.00 | |
| **Total Charges for all Subscribers** | | **$73.09** |
| **TOTAL BALANCE DUE** | | **$73.09** |

---

| **WIRELESS** | **Feb 09 - Mar 08** |
|---|---|
| **Heather Tyler** | |

**Current Charges for** ████████ **$73.09**

### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 02/09/06 - 03/08/06 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory Cost Recovery Fee | $.56 |
| Telecom Connectivity Fee | $.59 |
| State USF | $.78 |
| 911 Service | $.80 |
| Federal USF | $1.58 |
| **TOTAL OTHER CHARGES AND CREDITS** | **$4.31** |

### Taxes

| | Charges |
|---|---|
| State Tax | $3.79 |
| County Tax | $.65 |
| Federal Tax | $1.72 |
| **TOTAL TAXES** | **$6.16** |

### Premium Axcess Purchases

| | Charges |
|---|---|
| Galaga | $2.99 |
| **TOTAL PREMIUM AXCESS CHARGES** | **$2.99** |

### Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Local Freedom 1000 includes 1000 minutes of local airtime. | | | | | |
| Anytime | 1000 | 371.00 | -- | -- | $.00 |
| Night/Weekend | UNLIMITED | 184.00 | -- | -- | $.00 |
| Mobile-To-Mobile | UNLIMITED | 376.00 | -- | -- | $.00 |
| Free Calls | -- | 17 | -- | -- | $.00 |
| Directory Assistance Charges | -- | 8 CALLS | -- | -- | $10.00 |
| Axcess Text Messaging | | | | | |




**alltel**

*Redacted*

Page   3 of   7

BILL DATE         March 08, 2006
ACCOUNT NUMBER   ▓▓▓▓▓▓▓▓

## Account Summary

**Previous Charges**

| | |
|---|---|
| Previous Balance as of 03/08/06 | $73.09 |
| Payments and Adjustments | |
| Thank you for your payment - 02/24/06 | $73.09 CR |
| Total Payments and Adjustments | $73.09 CR |
| **Balance Forward** | **$.00** |

**Current Charges for all Subscribers**

| | |
|---|---|
| Monthly Service Charges | $47.95 |
| Other Charges and Credits | $3.93 |
| Taxes | $5.29 |
| Axcess Charges | $5.47 |
| Airtime & Directory Assistance Charges | $1.25 |
| **Total Charges for all Subscribers** | **$63.89** |
| **TOTAL BALANCE DUE** | **$63.89** |

---

**WIRELESS**                    **Mar 09 - Apr 08**

**Heather Tyler**

▓▓▓▓▓▓▓▓

**Current Charges for** ▓▓▓▓▓▓▓▓        **$63.89**

### Monthly Service Charges

| | | Charges |
|---|---|---|
| Local Freedom 1000 | 03/09/06 - 04/08/06 | $39.95 |
| Your Features: | | |
| Air Detail | | $1.00 |
| Air Detail | | $1.00 CR |
| M2M Unlimited Local Freedom | | $.00 |
| Nationwide Toll Free | | $.00 |
| (Includes unlimited toll at $0 per minute) | | |
| Unlimited Local Off Peak | | $.00 |
| (Includes unlimited off-peak minutes of local airtime) | | |
| Basic Voicemail Free | | $.00 |
| Basic Digital Advisor N/C | | $.00 |
| | | $1.00 |
| No Answer Transfer Free | | $.00 |
| ProductGuard Plus | | $5.00 |
| BASIC CALLING FEAT | | $.00 |
| Call Forwarding Free | | |
| Caller ID Free | | |
| Call Waiting Free | | |
| Detailed Billing Free | | |
| Three Way Calling Free | | |
| Pay Per Use Text Messaging | | $.00 |
| **TOTAL MONTHLY SERVICE CHARGES** | | **$47.95** |

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory and Admin Fee | $1.15 |
| State USF | $.66 |
| 911 Service | $.80 |
| Federal USF | $1.32 |
| **TOTAL OTHER CHARGES AND CREDIT** | **$3.93** |

### Taxes

| | Charges |
|---|---|
| State Tax | $3.31 |
| County Tax | $.54 |
| Federal Tax | $1.44 |
| **TOTAL TAXES** | **$5.29** |

### Premium Axcess Purchases

| | Charges |
|---|---|
| Galaga | $2.99 |
| **TOTAL PREMIUM AXCESS CHARGES** | **$2.99** |

### Current Usage Summary

Local Freedom 1000 includes 1000 minutes of local airtime.

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Anytime | 1000 | 608.00 | — | — | $.00 |
| Night/Weekend | UNLIMITED | 207.00 | — | — | $.00 |
| Mobile-To-Mobile | UNLIMITED | 73.00 | — | — | $.00 |
| Free Calls | — | 1 | — | — | $.00 |
| Directory Assistance Charges | — | 1 CALL | — | — | $1.25 |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | 0 | 17 | 17 | .08 | $1.36 |



