IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HEATHER TYLER, individually                                                                          PLAINTIFF
and on behalf of all persons similarly situated

v.                                    NO. 4:07CV00019 JLH

ALLTEL CORPORATION and ALLTEL
COMMUNICATIONS, INC.                                                                              DEFENDANTS

## ORDER GRANTING PLAINTIFF'S
## UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS AND
## CLASS REPRESENTATIVE INCENTIVE AWARD

Before this Court is Plaintiff Heather Tyler's ("Plaintiff" or "Tyler") Unopposed Motion for Final Approval of Mediated Attorneys' Fees and Class Representative's Incentive Award ("Unopposed Fee/Award Motion"). This unopposed motion was made in conjunction with Plaintiff's Unopposed Motion for Final Approval of Settlement ("Motion for Final Approval"). Both unopposed motions came before the Court for hearing on September 7, 2010. The Court, having read and considered Plaintiff's Unopposed Fee/Award Motion and all documents filed in support thereof, as well as the arguments advanced by counsel at the hearing, HEREBY FINDS AND ORDERS AS FOLLOWS:

1.   The Court has jurisdiction over the subject matter of this Action, the Plaintiff, all Settlement Class members and the Defendants.

2.   In the instant Unopposed Fee/Award Motion, Plaintiff seeks approval of the mediated attorneys' fee and cost provision provided within Article VI, Paragraph 1(b) of the Settlement Agreement, and the Class Representative Award provided in Paragraph Article VI, Paragraph 1(c). Specifically, as outlined in these provisions, Plaintiff seeks attorneys' fees and costs in the amount of $3.75 million and an incentive award in the amount of $4,500.00. Pursuant to the Settlement

Agreement, these negotiated items are to be paid separately and without reducing any compensation due to the Settlement Class.

3. Alltel does not oppose this Motion.

4. The $3.75 million fee/expense provision of the Settlement was the product of arms-length negotiation through the assistance of an independent mediator.

5. On April 15, 2010, this Court granted preliminary approval of the Settlement and conditionally certified the Settlement Class based, in part, on the finding that these two provisions of the Settlement Agreement were fair and reasonable enough to warrant preliminary approval and to begin the notice and comment process.

6. Pursuant to the terms of the Settlement Agreement and this Court's Order granting preliminary approval, Notice of: (i) the pendency of this Action as a class action, (ii) the proposed Settlement and (iii) the September 7, 2010 hearing on the fairness of the Settlement and the Fee/Award Motion was given to all Class Members who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure due process and any other applicable law, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Court has now granted Final Approval of the Settlement, finding it fair, reasonable and adequate.

8. The Court likewise finds Plaintiff's request for attorneys' fees, costs and incentive award, as outlined in the Settlement Agreement, as fair and reasonable.

9. The Court also approves an incentive award of $4,500.00 to Plaintiff. Plaintiff Tyler, in her representative capacity, actively participated in this litigation and made significant efforts on behalf of the Settlement Class which have led to the benefits achieved through settlement. The valuable efforts of Ms. Tyler, and her willingness to litigate and pursue her representative claims, have contributed to a settlement that has conferred a substantial benefit upon the Settlement Class. Under these circumstances, a service award of $4,500.00 is entirely appropriate. *See*, *e.g.*, *Yarrington*, 697 F. Supp. 2d at 1068 (finding incentive award of $5,000.00 per named plaintiff "inherently reasonable" under similar circumstances); *Jones v. Casey's Gen. Stores, Inc.*, 266 F.R.D. 222, 231 (S.D. Iowa 2009) (approving $10,000.00/per named plaintiff incentive award that was specifically negotiated as part of settlement package); *Zilhaver v. UnitedHealth Group, Inc.*, 646 F. Supp. 2d 1075, 1085 (D. Minn. 2009) (approving $15,000 incentive award).

10. For the foregoing reasons, the Court awards Settlement Class Counsel attorneys' fees and reimbursement of expenses in the amount of $3.75 million as provided in the Settlement Agreement and an incentive award in the amount of $4,500.00 to Plaintiff. These amounts shall be paid by Alltel pursuant to the terms of the Settlement Agreement.

IT IS SO ORDERED this 7th day of September, 2010.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE